PAUL HONETSKY, PLAINTIFF-RESPONDENT, v. RUSSIAN CONSOLIDATED MUTUAL AID SOCIETY OF AMERICA, DEFENDANT-APPELLANT.

Submitted October 12, 1934—Decided January 21, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the defendant-appellant, *John D. Craven.*

For the plaintiff-respondent, *Abraham J. Isserman.*

BODINE, J.   Paul Honetsky had been, for a number of years, a policy holder in and member of the Russian Consolidated Mutual Aid Society of America.   His membership was through the 10th Branch situate in Newark, New Jersey. His dues and payments were regularly made through April, 1930.   In that month, trouble arose in the 10th Branch and most of the officers and members joined another organization.   Honetsky, in order to comply with the provisions of his contract of insurance, made many efforts to pay his dues to the local as well as the parent organization.   The moneys

which he sent by postal order were returned, the reason alleged being that he was not in good standing.

The plaintiff brought this suit under the Declaratory Judgment act (*Pamph. L.* 1924, *p.* 312), to have established what his rights were in the defendant organization. The case was tried before a jury and the judgment of the court was that he was still a member of the defendant organization, and that his contract of insurance was still valid and subsisting.

"The Declaratory Judgment act, by its first and second sections, confers upon our courts of record, within their respective jurisdictions, power to declare rights, status or other legal relations, although no further relief is or could be claimed; and empowers those courts, among other things, to determine any question of construction or validity arising under a deed, will or written contract, and declare the rights, status or other legal relations thereunder of the parties thereto. Such declarations, by the express language of the statute, are given the force and effect of final judgments or decrees. It is true that they are not enforceable by execution or other final process, but relief, based theron, may be granted, whenever necessary or proper, on application to a court having jurisdiction to grant such relief. Section 8." *McCrory Stores Corp.* v. *Braunstein, Inc.,* 102 *N. J. L.* 592.

Plaintiff's rights as member and policy holder arose by contract and the proceeding was well within the four corners of the statute. The very purpose of the act, a uniform law, was to obtain relief in cases of this character.

Although the by-laws provide that no law suit shall be brought because of the refusal to pay claims unless an appeal is first made to the convention, the present action is not by reason of the refusal to pay claims but by reason of the refusal to accept payment of dues. There appears to be no by-law requirement in such case. Without charges or a hearing, the defendant sought to deprive the plaintiff of rights which arose years before under contract. Obviously, if the contract is still in existence as the court found, the plaintiff would be obliged to pay dues and the defendant to receipt therefor.

.Upon the state of the proofs the fact questions seem to have been properly submitted to the jury. An attempt was made to compel the plaintiff to apply for new membership for which he was ineligible under the language of the by-law. The argument is made that he should first have applied for new membership and that the court could not grant relief until that was done. The evidence sustains the judgment that he never lost his membership.

The admission of testimony that a friend had told the plaintiff that he had paid his dues to the home office was not in the least harmful on the issues raised. The sole purpose of receiving the testimony and the receipt for the payments so made was to show the reason the plaintiff had attempted to make his payments to the home office. Although payments should have been made to the branch, there was no one qualified to receive the same and the main office, as the jury found, refused without cause, to accept payment.

The action being merely for the purpose of having the plaintiff's contractual rights determined, the trial court properly ruled that he was not obliged to apply to other societies or companies for other insurance. There was no error in refusing to charge the jury that the plaintiff was limited to a recovery of the premiums paid. Other matters suggested in appellant's brief have no merit and need no further mention.

The judgment is affirmed.