CHODOSH BROS. AND WEXLER COAL AND ICE COMPANY, INCORPORATED, PLAINTIFF-APPELLANT, v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY OF BOSTON, DEFENDANT-RESPONDENT.

Submitted October 29, 1937—Decided January 26, 1938.

For the appellant, *Frank G. Turner*.

For the respondent, *Edward R. McGlynn*.

The opinion of the court was delivered by

HETFIELD, J.   This is plaintiff's appeal from a judgment of the Supreme Court in favor of the defendant entered upon the opinion of the trial judge after a trial before the court without a jury in the Middlesex Circuit.   The action was based on the alleged liability of the defendant under the terms of a policy of workmen's compensation insurance which it had issued to the plaintiff.

The plaintiff seeks to recover the amount of an award of approximately $6,405 made against it in the workmen's compensation bureau in favor of the dependents of one Louis Chodosh, who was an officer and employe of the plaintiff, and who suffered a sunstroke while performing some painting work about the premises of the plaintiff on July 5th, 1934, which resulted in his death.   It was admitted that no part of the said award had been paid by the plaintiff at the time of the institution of this suit.

The defendant insurance company disclaimed any liability, contending that the accident happened while the decedent was performing work totally disconnected from the business described in the insurance contract, and also, that so far as the plaintiff was concerned, the policy was one of indemnity against loss, and not against liability, and that inasmuch as the plaintiff had not paid the award made against it, no loss had been sustained.

The trial court found for the defendant, and judgment was based, on the sole ground that the plaintiff's insurance contract protected him only against loss, and not liability.

Whether the defendant insurance company is bound to pay the award made against the plaintiff depends upon the terms of the contract of insurance, which is the standard form used in this state, and that part thereof which concerns the plaintiff, which is the employer and not the injured party, is set forth under paragraph I (b), and reads in part: "To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employes as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada * * *."

We are unable to find any term or condition in the insurance contract indicating that it was the object or intention of the contracting parties to afford protection to the plaintiff against liability. The contract, so far as the plaintiff was concerned, only indemnified it *against loss* from liability imposed upon it by law for damages on account of injuries to its employes. The use of the word "indemnify" shows the purpose and intent of the contract, which was to reimburse, or make whole the plaintiff against loss on account of such liability; and as there has been no payment made by the plaintiff on account of said award, it has sustained no loss. Therefore, it is entitled to no reimbursement from the defendant.

There is a well settled distinction between a contract of indemnity and one to pay legal liabilities. No action can be

brought or recovery had on the former until the liability is discharged; whereas, upon the latter, the cause of action is complete when the liability attaches.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, LLOYD, CASE, DONGES, HEHER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 12.

*For reversal*—BODINE, PERSKIE, JJ. 2.