PORCELAIN ENAMEL & MANUFACTURING COMPANY *v.* JEFFREY MANUFACTURING COMPANY

[No. 36, January Term, 1940.]

*Decided March 5th, 1940.*

The cause was argued before Bond, C. J., Offutt, Parke, Mitchell, and Delaplaine, JJ.

*F. Gray Goudy,* for the appellant.

*R. E. Lee Marshall,* with whom were *Marshall & Carey* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

The appeal is from a judgment on demurrer to an application to a court of law for a declaratory judgment under the Act of 1939, chapter 294, the Uniform Declaratory Judgments Act, to determine which of two contractors with the plaintiff for construction work caused delay for which the plaintiff may claim damages, or whether both did. The two contractors were made defendants, but only one, the Jeffrey Company, demurred; the other, Dietrich Brothers, Incorporated, answered. The chancellor in the case concluded that the suit could not be maintained at law, and sustained the demurrer; and judgment for the defendant followed.

The application, entitled a bill of complaint, alleges that the Jeffrey Company entered into a written contract with the Porcelain Enameling Company for the erection of machinery and equipment, and Dietrich Brothers entered into another written contract with the same company for the erection of storage bins, both in a manufacturing plant of the plaintiff in Baltimore; that time was of the essence of each contract, but that, by reason of delay of either or both defendants, completion of the plant, parts of which they constructed, was delayed beyond a specified limit, causing the plaintiff a heavy loss as a consequence of inability to carry on its work; that the plaintiff has withheld from both defendants payments of parts of the contract prices, and both are demanding payment; that each defendant blames the other for the delay, and the plaintiff is unable to determine which defendant caused it; and that the plaintiff seeks a judicial determination whether either or both caused it, so that it is entitled to withhold or offset the amount of its loss from one or both. It has also prayed that the contracts be construed and the rights, duties and obligations of

the parties be outlined in a declaratory judgment, but the recitals in the application seem to show, and the arguments in the case support the inference, that only the cause of the delay is to be inquired into, and declared. No joint contract or obligation is alleged. A separate contract was made with each contractor, and the connection of the work of each with that of the other appears to have been only that each was on equipment of the owner's plant. It may be inferred, in addition, from the recited charges of the contractors, that delay on one contract might obstruct progress on the other.

The case is that the owner finds the completion of the plant by means of the contracts delayed, and lacking knowledge of the facts to show which one, or whether both, of the contractors caused the delay, is afraid that in separate suits each contractor, unresisted by the other, may obtain a verdict of immunity by casting blame on the other. The owner therefore seeks to bring the two into one proceeding to bind them both with a single ascertainment of the facts.

The chancellor below concluded that the relief provided was equitable in its nature, and that for litigation of issues on the two contracts the common law jurisdiction as defined in the state was not appropriate. The appellant asks, however, that if this view should be upheld on the appeal, the case may not be disposed of by an adverse judgment but merely ordered transferred to a court of equity, under the Code, article 26, section 44, and article 75, section 124. And this would necessitate a decision of the question whether the relief sought might be obtainable in equity.

The Declaratory Judgments Act, in section 1, gives the courts of record of the state power within their respective jurisdictions "to declare rights, status, and other legal relations." By section 2 it is provided specifically as to contracts that any person interested in one "may have determined any question of construction or validity, arising under [it]," and may "obtain a declaration of rights, status or other legal relations thereunder." A

section 5 provides that the enumeration of powers in section 2 "does not limit or restrict the exercise of the general powers conferred in Section 1, in any proceeding where declaratory relief is sought, in which judgment or decree will terminate the controversy or remove an uncertainty." And the result of these provisions seems to be that the courts have power to declare rights, status, or other legal relations under contracts when the judgment or decree will terminate a controversy or remove an uncertainty.

There have been many decisions in other juridictions applying this uniform act, and there is some diversity of opinion on the scope of it. In most of the decisions on contract relations the judgments appear to have been constructions of the contracts. See note 87 *A. L. R.* 1226. In some instances courts have accepted the same or similar statutes as broad charters, not limited to ascertainment of the effect of contracts, but available for the relief of difficulties or inconveniences of a wider range that might arise in the relations of the parties. And decisions of still other courts have been based on a more limited conception. "Our investigation of cases dealing with declaratory judgments leads to the conclusion that such a proceeding can be invoked to declare rights and not to * * * try issues." *Loomis Fruit Growers' Assn. v. California Fruit Exch.,* 128 Cal. App. 265, 281, 16 P. 2nd 1040, 1046; *Aetna Life Ins. Co. v. Bellos,* 158 Tenn. 554, 562, 13 S. W. 2nd 795, 14 S. W. 2nd 961; *Newsum v. Interstate Realty Co.,* 152 Tenn. 302, 305, 278 S. W. 56. We do not, then, find a settled interpretation elsewhere to guide the decision, and must apply our own judgment, ascertaining the meaning of the statute by the ordinary methods.

The statute is, of course, to be given its full effect, and to be made to work as intended, without obstruction by adherence to previously established procedure if it might conflict. But at the same time, the construction of it is to be found in the meaning its provisions would have to the Legislature enacting it. The function of the court

is to give effect to the legislative enactment and the enactment is that which the Legislature must be supposed to have intended. It is not necessary, and would perhaps be undesirable, that a formula for service in all cases be adopted now, and the decision will be confined to the particular case. So confining it, the decision is that the Legislature cannot be supposed to have meant that resort to a declaratory judgment should take the place of an ordinary action for damages for breach of contract because information is lacking to the plaintiff. The name "declaratory judgment," and the subject of it, "rights, status and other legal relations," would, in our opinion, signify rather that uncertainty in the contract and its effect is to be removed. That the proceeding should be used for determination of occurrences in the progress of contract work in the past seems to be a construction which the words would not bear except by an extension beyond the ordinary acceptation.

For this reason, the court does not find the relief obtainable in equity, and concludes it cannot order the transfer of the case.

*Judgment affirmed, with costs*