CAROLINE STREET PERMANENT BUILDING ASSOCIATION NO. 1 *v.* BERTIE RAU SOHN ET AL.

[No. 45, April Term, 1940.]

436

*Decided June 12th, 1940.*

The cause was argued before OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and DELAPLAINE, JJ.

*H. Anthony Mueller* and *John C. Kump,* for the appellants.

*Joseph W. Starlings,* with whom was *Charles B. Bosley* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

The appeal is from a decree which sustained the demurrer to an amended bill of complaint and dismissed it. The averments which the chancellor found did not show an equity in the plaintiff will be set forth with as much particularity as there is occasion.

The plaintiff is the Caroline Street Permanent Building Association No. 1 of Baltimore City, a body corporate under the laws of this state. The defendants are Bertie Rau Sohn and Louis Sohn, her husband, Doris H. Thursby and Albert H. Thursby, her husband. The original bill of complaint is not on this record, but the titling of

the cause indicates that Doris H. Thursby, as administratrix of Hattie Rau, was first embraced as a party defendant, although she has been dropped as a defendant in her representative capacity in the pending amended bill. The facts admitted for the purpose of the demurrer are that Hattie Rau and her husband, Henry Rau, owned the leasehold and fee simple estates in a parcel of land in the City of Baltimore which is known as No. 546 North Gay Street. On June 10th, 1927, the owners borrowed of the plaintiff the sum of $3200, and simultaneously gave to the plaintiff a mortgage lien on this property to secure the payment of the loan. The money thus obtained was used by the mortgagors to buy a fee simple lot of land in Baltimore County.

The mortgagors have been continuously in arrears since the making of the loan in the payment of dues, interest, taxes and ground rent, and sought and obtained the indulgence of the mortgagee in these defaults. On June 8th, 1937, the mortgagors, with the two defendants, Bertie Rau Sohn and Louis Sohn, her husband, executed a paper writing which was of this tenor:

"Agreement

"This is to certify that I, Henry Rau, Husband, and Hattie Rau, Wife, give Bertie Rau Sohn and Louis Sohn, Husband and Wife, the House and Lot, and everything on it and in the house located at Triple Union Park Rose Twins Shore Back River Baltimore County after we are both dead.

"Should we sell in the meantime we will pay them back all the money they put in it, Providing they pay the taxes and all repairs until our death.

"Henry Rau
"Hattie Rau

"Witness
"J. Geo. Zschunki
"Edw. A. Burris

"We the undersigned, Bertie Rau Sohn and Louis Sohn, Husband and Wife, do hereby agree to the above agreement.

> "Bertie Rau Sohn
>
> "Louis Sohn

"Witness:

"J. Geo. Zschunki

"Edw. A. Burris

"Personally appeared the above parties and witnesses this 22nd day of June, 1937, and made oath in due form of law.

> "Charles L. Solomon .
>
> "Notary Public"

The property mentioned in this document is the Baltimore County lot which was bought with the loan obtained by the mortgage mentioned on the Baltimore City lot. At the time of the execution of the paper, Henry Rau and Hattie Rau, his wife, were indebted to the plaintiff on the mortgage loan with a large accumulated arrearages of dues, interest, taxes and ground rent, which, with the principal debt, the said mortgagors were then unable to pay or to make any payments on account of, as they were also without resources to meet, in the ordinary course of business, their debts and obligations. The bill of complaint avers that under these circumstances the execution of the paper writing was in the prosecution of an attempt by Henry Rau and Hattie Rau, his wife, "to divest themselves of a valuable security to the detriment of" the plaintiff. The insolvent condition of the spouses continued unabated until the death of both mortgagors. The husband died first. Upon his death, in November, 1937, the title to both properties vested absolutely and in severalty in his surviving wife, who died on February 22nd, 1938.

During their joint lives, Henry Rau and Hattie Rau, his wife, were in the exclusive occupancy and enjoyment of the Baltimore County premises from the time of its purchase until the death of the husband, when the wife

took an absolute estate in fee simple in severalty as the surviving tenant. She continued to occupy and enjoy the exclusive possession of the property until her death. It was then that the defendants, Bertie Rau Sohn and Louis Sohn, her husband, and Doris H. Thursby and Albert H. Thursby, her husband, entered into possession and occupancy of the Baltimore County premises and remained there for a period of about six months, when Bertie Rau Sohn claimed the ownership of the property under the quoted instrument of writing, but Doris H. Thursby nevertheless asserted, as an heir at law and next of kin of Hattie Rau, an interest as tenant in common of her real and leasehold estates.

On April 14th, 1938, letters of administration on the estate of Hattie Rau were granted to the defendants Doris H. Thursby and Bertie Sohn, who qualified, but Bertie Sohn was relieved of her duties as co-administratrix, and Doris H. Thursby has proceeded with the administration of the estate as its sole administratrix, and is in possession of the personal estate of the said Hattie Rau for the purpose of administration. For several years before his death, Henry Rau had stopped paying anything on account of the mortgage indebtedness and interest, and his surviving wife paid nothing. The mortgage claim was filed against the estate of the wife, but neither the mortgagee nor any other creditor has been paid his respective claim. The mortgagee resorted finally to a foreclosure of its mortgage on the Baltimore City mortgaged premises. In these proceedings, the proceeds of sale applicable to the mortgage indebtedness, taxes due and in arrears, and other charges, left a deficit unpaid to the mortgagee of $1323.06, as of February 2nd, 1939. Although demand has been duly made, this deficit has not been paid in whole or in part and, with interest, remains due and owing by the estate of Hattie Rau, deceased.

The bill of complaint further avers that Hattie Rau was at her death seised in fee simple of the improved Baltimore County lot, and that the plaintiff has instituted

the suit, as a creditor of the said Henry Rau and the said Hattie Rau, under the provisions of sections 2 and 4 of article 31A of the Public General Laws, as enacted by chapter 294 of the Acts of 1939 of the General Assembly of Maryland, under the name of the Uniform Declaratory Judgments Act, for the purpose of having the chancellor construe the paper writing quoted of June 22nd, 1937, and declare the respective rights and interests of the parties concerned under all the facts and circumstances. In addition, the prayer for this specific relief is accompanied by the usual prayer for general relief.

The demurrer to the amended bill of complaint was rightly sustained. While the acting administratrix is charged with the possession of the personal estate of the intestate Hattie Rau; and the indebtedness to the mortgagee in the amount as determined by the ascertained deficit arising under the foreclosure proceedings is shown to have been demanded, and payment has not been made of it nor of other claims of the creditors of the intestate, it will also be perceived, from the recital of the averments of the bill of complaint, that an insufficiency of the personal estate of the intestate to discharge her debt due and owing to the plaintiff at the time of the intestate's death is not alleged. Unless the personal estate of the intestate be not sufficient to discharge all the just debts, the plaintiff has no right or claim to be enforced against the intestate's real estate, and, consequently, no equity. Thus, even if the paper writing of June 22nd, 1937, be valid and enforceable as a gift or contract, it is limited in its operation upon the intestate's personalty to the goods and chattels of the intestate on the lot and in the house in Baltimore County, and the plaintiff could not be affected in any of its interests or rights as a creditor, unless the appropriation of such goods and chattels to the purpose of the paper writing would, by such withdrawal, produce the effect of rendering the residue of the personalty insufficient to discharge the plaintiff's claim.

The failure of the amended bill of complaint properly to allege the insufficiency of the personal estate of the intestate to discharge its debt is accompanied by no relief prayed against the acting administratrix of the intestate, who is not made a party defendant of the amended bill. The amended bill of complaint purports to be brought pursuant to sections 2 and 4 of chapter 294 of the Acts of 1939 of the General Assembly of Maryland. If it be assumed, for the present, that the subject matter is within the scope of chapter 294, which is called the Uniform Declaratory Judgments Act, the omission by the pleader of the allegation of facts to show the inability of the intestate's personal estate to discharge the plaintiff's debt, and the failure to make the personal representative of the intestate a party defendant, make the amended bill of complaint bad on the demurrer. Unless there be an actual controversy and the persons to the controversy made parties, the proceeding under the Uniform Declaratory Judgments Act may not be sustained. Acts of 1939, ch. 294, sec. 11. *Saunders v. Roland Park Co.*, 174 Md. 188, 193, 198 A. 269; 16 *Amer. Jurisprudence*, title *Declaratory Judgments*, sec. 9, pp. 282-3; *Reese v. Adamson*, 297 Pa. 13, 146 A. 262; *In re Pittsburgh's City Charter*, 297 Pa. 502, 147 A. 525; *Sadler v. Mitchell*, 162 Tenn. 363, 36 S. W. 2nd 891, 892; *Nashville, C. & St. L. Ry. v. Wallace*, 288 U. S. 249, 260, 261, 53 S. Ct. 345, 77 L. Ed. 730. See 12 *A. L. R.* 67; 19 *A. L. R.* 1127; 50 *A. L. R.* 45; 68 *A. L. R.* 117; 87 *A. L. R.* 1213, 1244; 71 *A. L. R.* 1426; 114 *A. L. R.* 1363; *Kariher's Petition*, 284 Pa. 455, 131 A. 265; *Ladner v. Siegel*, 294 Pa. 368, 144 A. 274; *Wright v. McGee*, 206 N. C. 52, 173 S. E. 31; *Dobson v. Ocean Acc. & Guar. Corp.*, 124 Neb. 652, 247 N. W. 789; *Continental Mut. Ins. Co. v. Cochrane*, 89 Colo. 462, 4 P. 2nd 308.

Another objection to the amended bill of complaint being held within the Uniform Declaratory Judgments Act is that the record discloses that the original bill of complaint was not for a declaratory decree, and that it was not until the demurrer to the original bill of com-

plaint, which sought an executory decree, was sustained, that the bill of complaint was amended and a declaratory decree prayed. 16 *Amer. Juris.*, sec. 22, p. 295. See *Getz v. Johnston,* 143 Md. 543, 549, 123 A. 74. The change introduced was for the specific object of having the instrument of June 22nd, 1937, construed and the rights, if any, thereunder of the parties to the amended bill declared, which would not have obviated any detriment to the parties that would not have been prevented or allayed by recourse to an approved remedy in equity. Under a creditor's bill not only would the court have determined by a declaratory decree the effect of the questioned instrument with reference to the rights of the parties but, if there were sufficient equity, would have passed an executory decree for an accounting by the administrator of the debtor and, in the event of there not being sufficient personalty, would have decreed a sale of the land for the benefit of the unpaid creditor and others of the same class. A judgment for declaratory relief is not found to be appropriate as the facts and circumstances are presented on this record. It is clear that a declaratory decree would not terminate the uncertainty of controversy giving rise to the amended bill of complaint, but that a creditor's bill would. The weight of reason and authority supports the view that the Act is to supplement and not to supersede effective ordinary actions at law or suits in equity. *Porcelain Enamel, etc., Co. v. Jeffrey Mfg. Co.,* 177 Md. 677, 11 A. 2nd 451; *James v. Alderton Dock Yards,* 256 N. Y. 298, 176 N. E. 401; *In re Cryan's Estate,* 301 Pa. 386, 152 A. 675, 677; *Heller v. Shapiro,* 208 Wis. 310, 242 N. W. 174; *Brindley v. Meara,* 209 Ind. 144, 198 N. E. 301; *Eiffel Realty & Investment Co. v. Ohio Citizens Trust Co.,* 55 Ohio App. 1, 8 N. E. 2nd 470; *Washington-Detroit Theatre Co. v. Moore,* 249 Mich. 673, 229 N. W. 618; *Stewart v. Herten,* 125 Neb. 210, 249 N. W. 552; *Springdale Corporation v. Fidelity Union Trust Co.,* 121 N. J. L. 536, 3 A 2nd 565; *Lisbon v. Lisbon,* 85 N. H. 173, 155 A. 252; *Petition of Malick,* 133 Pa. Super. 53, 1 A. 2nd 550; *American Nat. Bank etc., Co. v. Kushner,* 162 Va. 378, 174 S. E. 777.

See 19 *Halsbury's Laws of England* (2nd Ed.), sec. 512, pp. 512, 513; 16 *American Jurisprudence*, secs. 13, 14, pp. 286, 287, sec. 7, pp. 281, 282; *Honetsky v. Russian etc., Society*, 114 N. J. L. 240, 176 A. 670, 671; *Rapaport v. Forer*, 20 Cal. App. 2nd 271, 66 P. 2nd 1242, 1244; *Schaefer v. First Nat. Bank*, 134 Ohio St. 511, 18 N. E. 2nd 263, 267; *U. S. Fidelity & Guaranty Co. v. Savoy Grill*, 51 Ohio App. 504, 1 N. E. 2nd 946, 948.

The view here expressed is not universally entertained. In some jurisdictions it is held that declaratory judgment acts are applicable independently of whether or not there is an existing and more appropriate remedy available. See *Sigal v. Wise*, 114 Conn. 297, 298, 158 A. 891; *Carolina Power & Light Co. v. Isley*, 203 N. C. 811, 167 S. E. 56; *Berman v. Wreck-A-Pair Building Co.*, 234 Ala. 293, 175 So. 269, and compare *Eiffel Realty & Investment Co. v. Ohio Citizens Trust Co.*, 55 Ohio App. 1, 8 N. E. 2nd 470, 472, 474. In our judgment, it was not the intention of the General Assembly of Maryland to make the Declaratory Judgments Act supersede subsisting remedies. Its title gave no indication of such a purpose nor is it essayed in the body of the enactment. The act is fundamentally remedial and auxiliary. Its object is to supplement and enlarge procedural relief in a field not wholly or adequately occupied by subsisting remedies of law and equity. So, the Act is available where its declaratory judgment or decree is appropriate, whether separately sought or in combination with the procuring of an executory judgment or decree. Its peculiar function and province is to occupy that sector of the law which formerly did not adequately define, declare, restore and protect by its traditional remedies the rights of an individual in his status, contracts, property, privileges and immunities which, by an adversary denial or dispute, had been controverted and been placed in danger or jeopardy, so as to cause him detriment and prejudice because of the ensuing uncertainty and insecurity of his legal relations. See *"Judicial Relief for Peril and Insecurity,"* by Edwin M. Borchard, 45 Harvard Law Review, pp. 793-854. Thus, where there exists an immediate cause of

action between the parties for which one of the common remedies of law or equity is adequate and available, a proceeding for a declaratory judgment is not appropriate within the contemplation of the Act.

If the amended bill of complaint be considered without reference to the Uniform Declaratory Judgments Act, it is not the less bad on demurrer as a creditor's bill, because, it is enough to say, of the defect in not making the administrator of the intestate a party, and of the failure to aver or show by the facts set forth that her personal estate is insufficient to pay the debts which she owed at her death without recourse to her real estate. See *Carey on Forms,* pp. 466-485.

The demurrer to the bill of complaint must be sustained, but from the allegations of the bill of complaint it may be inferred that the plaintiff has an equity that it should have an opportunity to state. The debt to the mortgagee is averred to have existed at the date of the questioned paper writing, the mortgagors to have been both then and thereafter insolvent, and the agreement to transfer the Baltimore County property to the defendants, Bertie Rau Sohn and Louis Sohn, her husband, to have been either upon an inadequate consideration or upon a consideration which failed in whole or in part. Such facts, if accompanied by other allegations to the effect that the personal property of the intestate is inadequate to discharge her debts, furnish a basis for equitable relief against the subject matter with reference to which the paper writing dealt. Code, art. 39B, secs. 1-14; *Benson v. Benson,* 70 Md. 253, 455, 16 A. 657; *Farmer v. Loyola College,* 166 Md. 464.

The dismissal of the bill of complaint will be reversed, with leave to the plaintiff to apply for permission to amend.

> *Demurrer sustained, but decree dismissing bill reversed, and cause remanded with leave to the plaintiff to apply for permission to amend; the costs of this appeal to be paid by the appellant.*