DOVER BOILER WORKS, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. NEW JERSEY MANUFACTURERS CASUALTY INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, AND ROSE FERENZ, DEFENDANTS.

Decided September 16, 1940.

For the plaintiff, *Edwards, Smith & Dawson.*

For the defendant New Jersey Manufacturers Casualty Insurance Company, *Kellogg & Chance.*

LEYDEN, S. C. C. The plaintiff seeks a declaratory judgment that the defendant is bound by its indemnity policies to defend in the name and on behalf of the plaintiff a claim or suit brought against it by one Ferenz. The dispute concerns the applicability of the policies, the defendant having disclaimed liability on the ground of non-coverage.

The defendant's answer reserves and raises the objections (1) that the complaint is insufficient in law, and (2) that the relief sought is future, contingent and uncertain since no loss has as yet been sustained by the plaintiff. The plaintiff's reply reserves the objection that the answer is insufficient in law. Each now seeks a determination in its favor under rule 40.

An examination of the policies in question tends to the conclusion that liability for indemnity upon the part of the defendant attaches under the first (Schedule A) where an accident arises out of an operation, the work of which is performed by the plaintiff's employes at Dover, New Jersey, or elsewhere, and under the second (Schedule B) where the operation out of which the accident arises is carried on within the confines of the State of New Jersey.

The complaint sets forth in full the two contracts of insurance; the obligation of the defendant to defend actions whether groundless or not brought against the plaintiff to enforce liabilities covered by the policies; the payment of premiums and the performance of all terms and conditions on the plaintiff's part to be performed; it further alleges that the plaintiff prepared specifications and drawings for a steel oil storage tank which "it was having constructed," and while the tank was being tested, its manhole cover exploded causing fatal injuries to one Ferenz; that suit was commenced in behalf of the next of kin of Ferenz against the plaintiff in the United States District Court of the District of New Jersey charging that the wrongful death of Ferenz was caused by the negligence and carelessness of the plaintiff and demanding $25,000 as damages; it further recites the service of the summons and complaint in the action upon the plaintiff, its request of the defendant to defend in accordance with the terms of the policies and the refusal of the defendant to assume the defense or to afford the plaintiff protection under the policies upon the ground of non-coverage. What is really sought in this proceeding is not the interpretation of the contracts of insurance as written, but rather judicial advice on the question of whether the facts of the accident giving rise to the Ferenz suit as alleged, come within the coverage of the policies.

As appears from the allegations of the complaint, assuming coverage by the policies, the unjustified refusal of the defendant to perform its obligation to defend is an invasion of the plaintiff's rights under the policies. For this there is an adequate and complete remedy available to the plaintiff: namely, an action for breach of the contract. The damage

resulting is readily ascertainable if and when a loss is sustained by the plaintiff in either the defense of the Ferenz action or the payment of the judgment entered therein, or both. *Chodosh Brothers* v. *American, &c., Insurance Co.,* 119 *N. J. L.* 335; 196 *Atl. Rep.* 654. Unquestionably the Uniform Declaratory Judgments law, *N. J. S: A.* 2 :26-66 *et seq.,* provides for relief "from uncertainty and insecurity with respect to rights, status and other legal relations," and the courts in their respective spheres are given the power to construe, at the instance of a party affected, a deed, will or written contract and to declare the rights, status or legal relations under statutes, municipal ordinances, contracts or franchises. The construction of a provision in a lease in *McCrory Stores Corp.* v. *S. M. Braunstein, Inc.,* 102 *N. J. L.* 590; 134 *Atl. Rep.* 752; the declaration of the status of a member of a mutual aid society in *Honetsky* v. *Russian Consolidated, &c., of America,* 114 *N. J. L.* 240; 176 *Atl. Rep.* 670; and the determination of rights under a deed in *Cadgene* v. *Cadgene,* 17 *N. J. Mis. R.* 332; *affirmed,* 124 *N. J. L.* 566; 12 *Atl. Rep.* (2d) 635, are reported examples of the exercise of this power.

In the instant case, however, the plaintiff prays that the court "determine and adjudge the rights and obligations of the parties * * *" and "enter a declaratory judgment to the effect that the said policies insure the plaintiff herein from legal liability arising out of the accident herein referred to."

There is no uncertainty in the present legal relations of the parties. By its refusal to defend, the defendant has fixed its status and invaded the rights of the plaintiff, assuming, of course, coverage by the policies. The way of the plaintiff is clear. It must defend itself in the Ferenz action and if unsuccessful therein, pay any judgment recovered against it. It may then look to the defendant on the policies for reimbursement of the loss so sustained.

Mr. Justice Heher, in *Empire Trust Co.* v. *Board of Commerce and Navigation,* 124 *N. J. L.* 406; 11 *Atl. Rep.* (2d) 752, has pointed out that the "Declaratory Judgments act is designed to provide a remedy for the adjudication of jus-

ticiable rights, duties, status and other legal relations of the parties before rights have been invaded or wrongs committed, and its provisions are not ordinarily invocable where another adequate remedy is at hand."

The complaint will be stricken. This makes it unnecessary to discuss the other objections and points raised.