## SHIRLEY C. MORGAN ET AL. *v.* E. ALEXANDER DIETRICH

[No. 65, October Term, 1940.]

*Decided December 18th, 1940.*

The cause was argued before BOND, C. J., PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*Randolph Barton, Jr.*, with whom was *J. Irvin Mc-Court* on the brief, for the appellants.

*William L. All*, with whom was *Robert H. Archer* on the brief, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

Appellants filed their bill of complaint in the Circuit Court of Baltimore City against the administrator of the estate of James E. Walsh, deceased. In that bill the court was asked (1) to declare the effect of an agreement executed October 21st, 1937, by Walsh upon an order from his mother, Mary D. Walsh, dated July 27th, 1937, offered by the administrator of James E. Walsh for probate in the Orphans' Court of Harford County as an alleged third codicil to the will of Mary D. Walsh; (2) for an injunction against the administrator of James E. Walsh to restrain further efforts on his part to probate said paper writing as a third codicil to the last will and testament of Mary D. Walsh, deceased; (3) to stay further proceedings in regard to the probate of the alleged codicil in the Orphans' Court of Harford County pending the decision sought in the equity court of Baltimore City. The administrator of the estate of James E. Walsh demurred to the bill of complaint, and the present appeal is from an order of the chancellor sustaining the demurrer and dismissing the bill.

This is the second time this cause has been before us. The first appeal was that of *Morgan v. Dietrich*, 178 Md. 66, 12 A. 2nd 199. At that time the order from Mary D. Walsh to Frank B. Cahn & Company, dated July 27th, 1937, directing them to transfer from her account to the account of her son James $40,000, by selling such securi-

ties as Cahn & Company thought advisable for the purpose, had been offered for probate in the Orphans' Court of Harford County as a third codicil to the will of Mary D. Walsh. To that instrument a caveat was filed by the executors and trustees under the will of Mary D. Walsh. While on that appeal several questions were discussed by the parties thereto, the only one which we considered related to the right of the executors and trustees under the will of Mary D. Walsh to caveat the alleged third codicil thereto. This question had by the Orphans' Court of Harford County been decided adversely to their contentions, and while on appeal we affirmed the order holding that the executors could not contest the alleged third codicil, we found that the trustees under the will, who had active duties to perform in the distribution of the corpus of the estate, were interested parties, and as such entitled to caveat the instrument offered for probate, and to that extent reversed the order appealed from. Orderly and normal procedure would seem to have required that upon the return to the Orphans' Court of Harford County of the mandate from this court, the caveat having already been answered by the administrator of James E. Walsh, issues would, if requested by either of the parties, be framed by the court and transmitted to a court of law for trial, but it appears that nothing further has been done in the Orphans' Court, because appellants filed the present bill of complaint in equity to have it decreed (1) that the alleged third codicil to the will of Mary D. Walsh was not testamentary in character, and (2) that, regardless of the nature and character of that instrument, James E. Walsh was estopped from attempting to have the same probated, because he had accepted the provisions made for him in his mother's will, and had, in order to obtain those benefits, executed an agreement on October 21st, 1937, declaring in effect that the said paper writing now offered as the third codicil to his mother's will was of no legal force and effect, and had requested the executors of his mother's estate to disregard said instrument and proceed with the settlement

of the estate in the same manner as if she had never executed it.

Appellants attempt to justify this procedure upon the ingenious reasoning (a) that the agreement of James E. Walsh estops his administrator from proceeding further in the Orphans' Court with the probate of the alleged third codicil to Mrs. Walsh's will, and that the equity court is necessarily at this time vested with jurisdiction to enforce such estoppel against appellee, and (b) that jurisdiction, having once attached, will be retained for all purposes in order to avoid a multiplicity of suits and, therefore, the court of equity can by its decree adjudge whether the said paper writing is testamentary in character. They further argue that if upon that reasoning any question existed as to jurisdiction, nevertheless, under the "Uniform Declaratory Judgments Act," as enacted by chapter 294, Acts of 1939 (Code, art. 31A), jurisdiction on the part of the equity court is sustainable by virtue of section 1 and 4 thereof. This court has had occasion to construe the Declaratory Judgments Act in only two cases. The first was that of *Porcelain Enamel & Mfg. Co. v. Jeffrey Mfg. Co.*, 177 Md. 677, 11 A. 2nd 451, and we there held that the Legislature did not intend to widen traditional remedies of or distinction between law and equity. The second case was that of *Caroline Street Permanent Bldg. Assn. v. Sohn*, 178 Md. 434, 13 A 2nd 616, where it was said that the weight of reason and authority supported the view that the Act was to supplement and not to supersede effective ordinary actions at law or suits in equity; that where there existed an immediate cause of action between the parties for which one of the common remedies of law or equity was adequate and available, a proceeding for a declaratory judgment was not appropriate within the contemplation of the Act.

A sufficient answer to those arguments would seem to be that the Orphans' Court of Harford County is the only tribunal vested with jurisdiction to order the probate or rejection of the paper writing alleged to be a third

codicil to the will of Mrs. Walsh and that the Circuit Court of Baltimore City has neither original nor concurrent jurisdiction with the Orphans' Court in admitting or refusing to admit the instrument to probate. Code, art. 93, sec. 353; *Bradley v. Bradley,* 119 Md. 645, 87 A. 390; *Schull v. Murray,* 32 Md. 9, 16; *Stanley v. Safe Deposit Co.,* 87 Md. 450, 40 A. 53; *Bradley v. Bradley,* 117 Md. 515, 83 A. 446.

The right of appellee to claim the fund mentioned in the alleged codicil depends in the first instance upon whether the Orphans' Court of Harford County admits it to probate. Should it refuse to admit it to probate because it is not testamentary in character, or for any other reason cognizable by law, such action on its part, unless reversed by an appellate tribunal, is binding upon all the parties hereto, and, in the event that probate should be finally refused, the question of appellee's rights under the instrument would never arise. Since, therefore, the question of appellee's estoppel, by virtue of the act of decedent in accepting benefits under the will or by execution of the agreement which he signed directing his mother's executors and trustees to ignore the instrument and make settlement of her estate in accordance with the provisions of her will, has not arisen and may not, for the reasons above pointed out, arise in the future, the present effort to have the equity court take jurisdiction to determine the question of estoppel is in effect asking it to pass upon rights which have not attached and may never attach, and is therefore beyond the province of that tribunal.

We are urged by appellants, notwithstanding we should feel compelled to affirm the order appealed from, to express our views as to the effect of the acceptance by James E. Walsh of the provisions of his mother's will, and also of the effect of the agreement which he signed requesting his mother's executors and trustees to disregard what has here been referred to as a third codicil to her will, and settle the estate as if the same had never been executed. But the question of appellee's estoppel by

204

reason of such conduct on the part of his decedent is dependent upon so many facts and circumstances not here presented that we feel it unwise to attempt in this opinion to lay down any rule which should control the matter.

Being of the opinion, for the reasons assigned, that the allegations of the bill of complaint hereinbefore considered are insufficient to call for the exercise of jurisdiction on the part of the Circuit Court of Baltimore City, the order appealed from, sustaining appellee's demurrer to the bill of complaint and dismissing it, was correct and should be affirmed.

*Order affirmed, with costs.*