TANNER ET AL. *v.* McKELDIN, GOVERNOR, ET AL.

[No. 171, October Term, 1952.]

*Decided June 12, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS and HENDERSON, JJ.

*Edward D. Storm* and *Samuel W. Barrick* for the appellants.

*Francis D. Murnaghan, Jr., Assistant Attorney General,* with whom was *Edward D. E. Rollins, Attorney General,* on the brief, for the Governor of Maryland, the Comptroller of the Treasury, the Commissioner of Motor Vehicles and the Register of Wills for Frederick County.

Submitted on brief by *Walter E. Sinn* for the Board of County Commissioners of Frederick County and the County Treasurer.

Submitted on brief by *Murray H. Fout* for the Board of Election Supervisors of Frederick County.

DELAPLAINE, J., delivered the opinion of the Court.

Herbert G. Tanner, Clark E. Cottrell, Arnold G. Wedum and Elwood K. Wolfe, residents of Camp Detrick, a Federal reservation in Frederick County, and civilian employees of the Federal Government, filed this action against Theodore R. McKeldin, Governor of Maryland, J. Millard Tawes, Comptroller of the Treasury, Thomas B. R. Mudd, Commissioner of Motor Vehicles, and the County Commissioners, County Treasurer, Register of Wills and Supervisors of Elections of Frederick County, to obtain a declaratory decree determining the status, rights and obligations of complainants under the laws of Maryland.

The bill of complaint contains the following allegations:

(1) The Legislature of Maryland, by Chapter 59 of the Laws of 1950, which took effect upon its approval by Governor Lane on March 28, 1950, gave the consent of the State of Maryland to the acquisition by the United States of the land used by Camp Detrick and ceded exclusive jurisdiction over the land to the United States for all purposes except that the State retains the right to serve thereon all civil and criminal process of the courts of this State. On May 5, 1950, the Governor received notice from the Secretary of the Army that the United States accepted jurisdiction over the land.

(2) Tanner has resided at Camp Detrick since May, 1943; Wedum from May, 1946, until August, 1947, and since February, 1951; Cottrell from April, 1949, until July, 1949, and since January, 1950; Wolfe since April, 1951. Tanner and Wedum registered as voters in Frederick County in October, 1948, but they have been advised that their votes might be challenged on the ground that they have not been residents of Maryland since the Camp Detrick land was acquired by the United States. Cottrell and Wolfe made application to register, but their applications were denied by the Supervisors of Elections.

(3) Tanner, Wedum and Wolfe have paid income taxes imposed by the State, but paid them under protest because they believe that if they are not allowed to vote and have representation in the State government, the State should not be allowed to tax them. Cottrell paid State income taxes before he was denied the right to register, and thereafter, acting upon the advice of counsel, he refused to pay such taxes.

(4) Complainants have been required by the Commissioner of Motor Vehicles to register their motor vehicles in Maryland, and to pay the tax imposed by Maryland on the issuance of certificates of title for motor vehicles, while nonresidents are excused from that tax.

(5) Those complainants who own dogs have been required to obtain dog licenses from the County Treasurer, although the dogs are kept at Camp Detrick.

(6) Complainants have been paying the State sales tax. If they are not residents of Maryland, they ought to be excused, like other nonresidents, from taxes on sales of property purchased in Maryland and delivered by mail or common carrier to the purchasers at Camp Detrick.

(7) It is not certain whether complainants should be considered as residents of Maryland within the meaning of the Maryland inheritance tax statute, the Maryland estate tax statute, and various other laws.

The bill prays for a decree declaring the status, rights and obligations of complainants in reference to the fol-

lowing matters: (1) registration and voting in County and State elections; (2) registration and voting in Presidential elections; (3) State income tax; (4) registration of motor vehicles; (5) tax on issuance of certificates of title for motor vehicles; (6) dog licenses; (7) probate and testamentary law; (8) inheritance and estate taxes; (9) civil suits in Frederick County; (10) nonresident attachment suits; (11) limitations of actions; (12) distribution of motor vehicle revenues to Frederick County; (13) distribution of income taxes to Frederick County; (14) eligibility for the office of notary public; (15) guardians and committees and treatment of insane in public institutions; eligibility for old age assistance and medical aid for indigent persons; and (16) sales taxes on property purchased in Maryland and delivered by mail or common carrier to the purchasers at Camp Detrick.

Defendants demurred to the bill, and the Court sustained the demurrers. From that order complainants appealed to this Court. An order sustaining a demurrer to an entire bill of complaint in equity is appealable, although no final order dismissing the bill has been entered. *Karger v. Stead*, 192 Md. 230, 64 A. 2d 155.

Soon after the enactment of the Uniform Declaratory Judgments Act, Laws 1939, ch. 294, the Court of Appeals held that a declaratory judgment proceeding was not appropriate where there existed an immediate cause of action between the parties for which one of the common remedies at law or in equity was adequate and available. *Porcelain Enamel &Mfg. Co. v. Jeffrey Mfg. Co.*, 177 Md. 677, 11 A. 2d 451; *Caroline Street Permanent Bldg. Ass'n No. 1 v. Sohn*, 178 Md. 434, 13 A. 2d 616; *Morgan v. Dietrich*, 179 Md. 199, 16 A. 2d 916. In 1945 the Legislature, declaring that the real intention of the Act was that the existence of another adequate remedy at law or in equity should not preclude a judgment for declaratory relief, amended the Act to express that intention clearly and unmistakably. Laws 1945, ch. 724.

The Act as amended in 1945 and codified in Code 1951, art. 31A, sec. 6, provides as follows:

"Relief by declaratory judgment or decree may be granted in all civil cases in which an actual controversy exists between contending parties, or in which the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or when in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment or decree shall serve to terminate the uncertainty or controversy giving rise to the proceedings. When, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case in which the other essentials to such relief are present; but proceeding by declaratory judgment shall not be permitted in any case in which divorce or annulment of marriage is sought. The Court may order a speedy hearing of an action for a declaratory judgment, and may advance it on the calendar."

It is clear that the Declaratory Judgments Act may be invoked when the plaintiff asserts rights which are challenged by the defendant and also presents for decision an actual controversy to which he is a party and which is capable of final adjudication by the judgment

or decree to be rendered. The Act confers authority upon the court to enter a declaratory judgment or decree when the plaintiff claims a legal relation, status, right, or privilege in which he has a concrete interest, and there is a denial thereof by the defendant who also has or asserts a concrete interest therein. *Ackerman v. Union & New Haven Trust Co.*, 91 Conn. 500, 100 A. 22, 24; *Petition of Kariher*, 284 Pa. 455, 131 A. 265, 271; *Washington-Detroit Theatre Co. v. Moore*, 249 Mich. 673, 229 N. W. 618, 68 A. L. R. 105; *Nashville, C. & St. L. Ry. v. Wallace*, 288 U. S. 249, 53 S. Ct. 345, 347, 77 L. Ed. 730, 87 A. L. R. 1191.

From the language in Section 6 that a declaratory judgment or decree may be granted when the court is satisfied that it will terminate the uncertainty or controversy, it is clear that the exercise of declaratory jurisdiction is within the sound discretion of the court. However, it is mandatory that the court shall comply with the statutory direction that whenever another statute provides a special form of remedy for the specific type of case presented, that statutory remedy shall be followed. It has been consistently held by this Court that where a statute provides a special form of remedy, the plaintiff should use that form rather than some other, although a constitutional issue may be decided in a suit for an injunction or a declaratory judgment or decree before the time arrives for using the statutory remedy, provided that there is no danger of by-passing the administrative agency. *Kahl v. Consolidated Gas, Electric Light & Power Co.*, 191 Md. 249, 258, 60 A. 2d 754; *Commissioners of Cambridge v. Eastern Shore Public Service Co.*, 192 Md. 333, 64 A. 2d 151; *Schneider v. Pullen*, 198 Md. 64, 81 A. 2d 226; *Reiling v. State Comptroller*, 201 Md. 384, 94 A. 2d 261; *Miller Bros. Co. v. State*, 201 Md. 535, 540, 95 A. 2d 286, 288.

Complainants pray for an opinion as to whether they are entitled to vote in county, state and national elections in Frederick County. The election laws of Maryland, Code 1951, art. 33, prescribe the qualifications for regis-

tration and voting and the method by which contested cases may be heard by the courts.

Complainants challenge the right of the State to impose income taxes upon them. The State Income Tax Act prescribes how contests of assessments may be heard by the Comptroller, then by the State Tax Commission, and finally by the courts. Code 1951, art. 81, secs. 305, 306. Thus they cannot invoke the Declaratory Judgments Act.

In *Reiling v. Comptroller of Maryland,* 201 Md. 384, 94 A. 2d 261, where the complainant, who had been employed by the Federal Government in Washington during 1944 and 1945 but had maintained citizenship and domicile in Illinois, although he resided and owned a dwelling in Maryland, was notified by the State Comptroller in 1949 of the estimated assessment of Maryland income tax, this Court held that his only remedy was an appeal in the manner provided by the statute and his action for a declaratory decree and injunctive relief, which was instituted after the time for appeal expired, could not be maintained.

Complainants allege that the Commissioner of Motor Vehicles has been treating them as residents of the State of Maryland. However, there is no allegation in the bill that there is an existing controversy between complainants and the Commissioner. To give the court jurisdiction under the Declaratory Judgments Act, there must be an actual and justiciable controversy, the facts of which the plaintiff must allege in his bill of complaint.

*Revis v. Dougherty,* 215 Ky. 823, 287 S. W. 28, is in point. Revis was elected Sheriff of Leslie County, Kentucky, in 1925. As he had failed to file his certificate of nomination in time, he was ousted from the office. He was then appointed to serve as Sheriff until the vacancy could be filled by an election. The Constitution of Kentucky provides that County officers cannot be elected in the same year in which members of the House of Rrepresentatives are elected, but that State officers may be elected at that time. That Constitution also

provides that a vacancy in a County office may be filled by an election at the same time at which a State office may be filled. Revis filed an action against the Attorney General of Kentucky to obtain a decree declaring (1) whether a United States Senator should be considered as a State officer or as a Federal officer, and (2) whether the unexpired term of the Sheriff could be filled at the election in 1926 or whether the term extended until the election in 1927. The Court of Appeals of Kentucky held that Revis did not present any actual or justiciable controversy. The Court stated, however, that if the Attorney General were required to print the ballots and to put thereon the names of candidates certified to him, and if Revis had made such a certification and the Attorney General had refused to print his name on the ballot, then there would have arisen not only an actual controversy but also a justiciable one, which the Court could consider and determine in a declaratory judgment proceeding.

Complainants allege that those who own dogs have been required to get licenses from the County Treasurer. There is no allegation of any actual and justiciable controversy.

Complainants pray for advisory opinions on probate and testamentary laws and inheritance and estate taxes. In a declaratory judgment proceeding, the court will not decide future rights in anticipation of an event which may never happen, but will wait until the event actually takes place, unless special circumstances appear which warrant an immediate decision. *Petition of Kariher,* 284 Pa. 455, 131 A. 265, 271. Many things may happen before the death of complainants. They may no longer be residents of Camp Detrick. They may not own any property subject to inheritance or estate taxes. The Federal Government may not be exercising jurisdiction over the Camp Detrick land. The testamentary laws may be changed.

Complainants pray for advisory opinions regarding civil suits and attachments. But the bill contains no

allegation that any civil suit or attachment is now pending against complainants. There is no allegation of an actual justiciable controversy.

Complainants pray for an advisory opinion regarding distribution of motor vehicle revenues and income taxes to Frederick County. The bill presents no justiciable issue.

Complainants inquire whether they would be eligible to serve as notaries. The bill does not allege that the Governor of Maryland desires to name them as notaries, and therefore does not present a justiciable issue.

Complainants pray for advisory opinions on a variety of other subjects. These questions should be settled whenever possible by the remedy afforded by the appropriate statute. Even if no special remedy is afforded by statute, complainants must still allege and prove an actual justiciable controversy before they are entitled to obtain a declaratory decree.

Complainants insisted that they are being deprived of constitutional rights. They argued that they should be regarded as residents of Maryland for the purpose of voting and for all other purposes not inconsistent with the governmental functions for which the Camp Detrick land was acquired by the United States. They asserted that if they are denied these rights, they should be treated as nonresidents for all purposes, otherwise they are being subjected to taxation without representation.

However that may be, constitutional questions are not to be dealt with abstractly, and so it is an almost undeviating rule of the American courts, both State and Federal, that a court will not decide constitutional questions except when concrete and specific issues are raised by actual cases. *Hammond v. Lancaster*, 194 Md. 462, 473, 71 A. 2d 474, 479; *Burton v. United States*, 196 U. S. 283, 25 S. Ct. 243, 245, 49 L. Ed. 482; *Arkansas Oil Co. v. Louisiana*, 304 U. S. 197, 58 S. Ct. 832, 834, 82 L. Ed. 1287; *Allen-Bradley Local No.* 1111, *United Electrical, Radio and Machine Workers of America v. Wis-*

*consin Employment Relations Board,* 315 U. S. 740, 62 S. Ct. 820, 824, 86 L. Ed. 1154.

For these reasons we find the Court below properly refused to render advisory opinions on the array of questions presented.

*Order affirmed, with costs.*