JEFFERS *v.* STATE

[No. 20, October Term, 1953.]

*Decided November 12, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Henry L. Rogers* for the appellant.

*W. Giles Parker, Assistant Attorney General,* with whom were *Edward D. E. Rollins, Attorney General,* and *Clayton Cann Carter, State's Attorney for Queen Anne's County,* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This proceeding was commenced in the Circuit Court for Queen Anne's County, sitting as a Juvenile Court, in October, 1952, on the petition of Elva Mae Stanford, a resident of that county, alleging that her daughter, Iris Stanford, age 10, was a "dependent child" within the meaning of the Maryland Juvenile Court Act, Code 1951, art. 26, sec. 51, for the reason that the child's father, James Albert Jeffers, a resident of Baltimore, had failed to contribute to her support since December 26, 1948.

In November, 1952, a summons for Jeffers was returned *non est.* In February, 1953, another summons was issued for him to appear at a hearing of the case in Centreville on March 6. He appeared in Court on that day, and was informed of the charge against him. He entered a general denial of the charge. After an informal discussion by the State's Attorney and the attorney for the defense, the Court determined that the child was a dependent child and in need of care and

treatment, and placed her in the custody of the mother. At the same time, the Court ordered Jeffers to show cause on or before April 3 why he should not contribute to the child's support.

On April 10 Jeffers appeared again in Court; but, instead of showing cause as ordered, he petitioned the Court to dismiss the charge against him. He set forth the following six reasons in support of his petition:

(1) That the proceeding was not commenced within two years after the child's birth, or within two years after the date of the last alleged payment for support mentioned in the notice served upon him.

(2) That he requests a trial by the Court sitting as a Criminal Court and governed by the rules of evidence and all other rights to which he may be entitled.

(3) That he is being denied rights guaranteed by the Constitution and laws of the State of Maryland.

(4) That the provision of the statute authorizing the Juvenile Court to determine paternity in disputed cases is in direct conflict with the bastardy statute.

(5) That the provision of the statute as to the right to be tried by jury is ambiguous and therefore invalid.

(6) That he has an absolute right to be tried under the criminal law according to the usual criminal procedure.

On the same day the Court passed an order dismissing his petition. It was from that order that he entered an appeal to this Court.

It is a firmly established rule that an order of the Circuit Court which does not settle and conclude the rights of the parties, and does not deny to the parties the means of further prosecuting or defending the action, is not a final judgment or determination such as to be a proper subject of appeal to the Court of Appeals. *Hazlehurst v. Morris,* 28 Md. 67, 71.

Since the appeal in this case is not from a final judgment or determination, it must be dismissed.

Appellant insisted that the Court of Appeals should now declare void the provision of the Juvenile Court Act, Code 1951, art. 26, sec. 52(b), which confers original jurisdiction upon the Juvenile Court to determine the paternity of a child who is dependent, delinquent, neglected or feeble-minded. He argued that this provision conflicts with the bastardy statute. He also contended that in the event that he is tried in the Juvenile Court he will be deprived of constitutional rights.

We repeat that the Juvenile Court ordered appellant only to show cause why he should not contribute to the child's support. That order was, of course, interlocutory. Appellant preferred to petition the Court to dismiss the charge against him, rather than to show cause. The Court dismissed his petition. That order also was interlocutory. It is an almost undeviating rule of the courts, both State and Federal, that a constitutional question will not be decided except when the necessity for such decision arises in the record before the court. *Hammond v. Lancaster,* 194 Md. 462, 473, 71 A. 2d 474, 479; *Tanner v. McKeldin,* 202 Md. 569, 580, 97 A. 2d 449, 454; *Baker v. Grice,* 169 U. S. 284, 18 S. Ct. 323, 326, 42 L. Ed. 748; *Burton v. United States,* 196 U. S. 283, 25 S. Ct. 243, 245, 49 L. Ed. 482; *Arkansas Fuel Oil Co. v. State of Louisiana ex rel., Muslow* 304 U. S. 197, 58 S. Ct. 832, 834, 82 L. Ed. 1287; *Allen-Bradley Local No. 1111, United Electrical Radio and Machine Workers of America v. Wisconsin Employment Relations Board,* 315 U. S. 740, 62 S. Ct. 820, 824, 86 L. Ed. 1154.

As the appeal in this case was taken prematurely from an interlocutory order, there is no necessity to discuss the constitutional validity of any of the provisions of the Juvenile Court Act.

*Appeal dismissed, with costs.*