## STATE OF MARYLAND *vs.* JOHN H. TAG.

*Construction of the Act of 1904, ch. 226, Regulating the Business of Barbers—Appeal Dismissed When no Judgment Entered on Demurrer.*

The Act of 1904, ch. 226, sec. 6, provides that "no person shall hereafter practice the occupation of a barber in this State unless such person shall have first received a certificate of qualification from the Board of Examiners provided for in sec. 1 of this Act." Sec. 8 provides that "every person now engaged in the business of a barber in this State shall * * file an affidavit with the secretary of said board setting forth his name,

place of business, etc., and pay to the treasurer the sum of one dollar for the certificate." Sec. 13 provides that "this Act shall not in any way apply to, or affect, any person who is now occupied or working as a barber in this State." *Held*, that there is an irreconcilable conflict between sec. 13 and the preceding sections of the Act and that according to the plain language of sec. 13 persons who were working as barbers at the time the Act was passed are wholly exempt from its provisions.

When a demurrer to an indictment is sustained, but no judgment on the demurrer was entered in favor of the defendant, an appeal in the case will be dismissed.

. Appeal from the Criminal Court of Baltimore (PHELPS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Edgar H. Gans* (with whom was *William S. Bryan, Jr., Attorney-General*, on the brief), for the appellant.

*Thomas R. Clendinen,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

The appellant, John H. Tag, was indicted in the Criminal Court of Baltimore City for a violation of the Act of 1904, ch. 226.

The indictment alleges in the first count that the traverser was unlawfully practicing the occupation of a barber without first having received a certificate of qualification from the Barber Examiners of the State of Maryland, and secondly, that being so engaged in the said business, he continued after the passage of the Act mentioned to pursue said occupation during the period of three months without having filed an affidavit with the Secretary of the Board of Barber Examiners, setting forth his name, place of business, postoffice address, &c., as required by said Act, &c., &c.

The traverser demurrerd to this indictment and to each count thereof, and his demurrers were sustained by the learned Court below upon the ground that by sec. 13 of the Act on which the indictment was based the Act does not in any way apply to or affect any person occupied or working as a barber at the time said Act was passed.

Neither the constitutionality nor the validity of the Act is in any manner assailed, and the sole question involved is that which is so briefly and clearly expressed in the opinion of the learned Judge who decided this case below, viz: Does the Act of 1904, ch. 226, apply to or affect any person who was occupied or working as a barber in this State when the Act was passed?

In the first place let us see exactly what is the language relied on by the State to sustain this prosecution.

The sections which the traverser is alleged to have violated are the sixth and eighth: The sixth provides that "no person shall hereafter practice the occupation of a barber in this State unless such person shall have first received a certificate of qualification from the Board of Examiners provided for in sec. I of this Act, for the purpose of examining applicants for certificates of qualification as barbers. The said Board of Examiners shall appoint the time and places for holding the examinations." And the eighth is as follows: "Every person now engaged in the business of a barber in this State shall, within three months after the passage of this Act, file an affidavit with the Secretary of said Board, setting forth his name, place of business, postoffice address, the length of time he has been engaged in the business of a barber, and pay to the treasurer the sum of one dollar for the certificate provided for in this Act." These sections standing alone present no difficulty, but it is the thirteenth section upon which the traverser relies to sustain his contention. It will be remembered that both counts of the indictment allege that at the time this Act went into effect the traverser was engaged in the practice and occupation of a barber and hence the demurrers admit this fact. Now the thirteen section provides, after defining what shall be construed as practicing the occupation of a barber, about which there is no controversy here, that "this Act shall not in any way apply to or affect any person who is now (that is when the Act was passed) occupied or working as a barber in this State." Certainly there could be nothing clearer, if this section stood alone than that the traverser who is con-

ceded to have been working as a barber in this State when the law was passed is by its express terms, excluded from its operation and effect.

It is perfectly apparent, therefore, that sections six and eight are broad and general enough to include all persons engaged in the business of barbers in this State; but it is equally clear that by sec. 13 it is declared emphatically that "this Act" shall not *in any way* apply to or affect them. Of course it is our duty to read these two apparently antagonistic sections so as, if possible, to harmonize them. This is a rule of very general application, and we are, therefore, bound, if possible, to avoid a construction which will defeat or nullify any portion of the provisions of this Act. Can we do this? In view of the language used can we say there is no conflict? or if a conflict that it is reconcilable?

It seems to us that the most casual reading of the sections already incated shows an irreconcilable conflict.

It was contended with great force on the part of the appellant that the construction adopted by the Court below substantially nullifies the whole law, and that, therefore, such a construction should not prevail; that the one vital object intended by the Legislature was to provide for the cleanliness and sanitary condition of all barber shops and that this intention could not be carried out if the sanitary provisions of the Act are not to be applied to all barbers alike. We entirely agree with the proposition that it is our duty, *if possible*, to so construe the law as to effectuate the intention of the Legislature, and we think, too, that it may be conceded that it was, it certainly ought to have been, its intention to require every barber in this State to conduct his business in a cleanly and sanitary manner; but it does not by any means follow that therefore *this* law must be enforced against all barbers. It will be remembered that there have been several Acts passed in this State to regulate the practice of medicine. In the case of *Manger* v. *Board of Examiners*, 90 Md. 659, this Court through McSherry, C. J., considered and construed that legislation. There, as here, there was a provision that the Act should not

apply to certain persons who had been practicing before its passage. And it was said "There were, therefore, three classes of persons contemplated by and included in the Act of 1888, viz., those who had diplomas; those who had not; and those who had been practicing for ten years. Persons who had diplomas but had not been practicing for ten years were entitled to certificates upon presentation of their diplomas. Persons who had no diplomas and had not practiced ten years were required to be examined; and persons who had practiced ten years were not within the Act whether they had diplomas or not." This last-named class was created by a proviso to sec. 1 of the Act of 1888 to this effect. "Provided that the provisions of this Act shall not apply to any person who has been practicing medicine continuously within this State for ten years before the passage of this Act." The Act thus construed in 90 Md. is entitled "an Act to promote the public health and regulate the practice of medicine in the State of Maryland" and yet every person who had been practicing ten years was excepted from its provisions. This is nothing more in principle, than what has been attempted to be done in the Act now before us, which is "an Act to regulate the practicing of barbering in the State of Maryland," &c., excluding as contended by the traverser, every person who like himself was engaged in the business when the law was passed. The Act declares that its provisions shall not in any manner apply to or affect any person who was occupied or working as a barber in this State when the law was passed.

But it is contended by the appellant that the clear and explicit language of this provision does not mean what it appears to mean, because in the first place such a construction would nullify the law. While such a result is to be perhaps deplored, yet it is not within our power to mould the statute into what we may think it ought to be, but it is our plain duty to discover the intention of the Legislature *from the language used,* and to give that language its most natural and obvious import and construction. There may be and there are cases, some of which the appellant has cited upon its brief in which it has

been held that a statute should be so construed as to effectuate what is supposed or believed to be the general intent of the law making power, and so that, if practicable, one section shall not defeat and destroy another, but explain and support it. And there are other cases where the language to be construed is so clear, so free from ambiguity that there is no room for doubt or construction. In our opinion this case is as clearly in the second class as was the case of *Maxwell* v. *The State,* 40 Md. 273. In the case just cited the Act of 1874, ch. 514, was before this Court for construction. It provided for a general assessment of property for taxation, but unfortunately by its first section it was declared that all property shall be exempt. Everybody knew that the Legislature intended to say just the reverse, namely, that all property, with a few exceptions, should be subject to taxation. But notwithstanding the real intention of the Legislature was known to all, this Court held, that the language must be taken in its plain and unambiguous meaning.

When a statute is inexplicable, contradictory or altogether absurd it may be declared void apart from any constitutonal objections; *Campbell's case,* 2 Bland, 209; but this Act of 1904 does not appear to us to be subject to any of these objections. It is conceded to be constitutional. While section 13, if construed as we have said it should be, does undoubtedly limit the application of the preceding sections, yet this is nothing more than is frequently done. It was so, as we have seen, in the Act of 1888 passed to regulate the practice of medicine in Maryland. It is entirely possible, nay probable, that after making the Act general in its application to *all* barbers in the State the Legislature was induced to exempt the class to which the appellee belongs.

Nor are we able to adopt the view of the appellants that sec. 13 should be read as if it applies only to *apprentices;* for it seems to us that the very language of the section excludes such a construction. Upon its face and construing the words as we must, in their "natural and obvious import" it is declared that the Act shall not apply to or affect, first, any per-

son who was occupied or working as a barber in this State when the law was passed; second, nor to any person employed in a barber shop or an apprentice. These are the *two* classes to which it is declared the Act shall not apply. Then comes the exception as follows: "Except that a person so employed (that is in a barber shop) less than three years prior to the passage of this Act, shall be considered an apprentice, and at the expiration of such three years of such employment shall be subject to the provisions of this Act." So that it is clear that the two classes exempted are, first, all barbers working as such when the law was passed; and 2nd, *apprentices* who had not, at that time been working at the trade more than three years. These are two clear and distinct classes and it seems impossible to consider them both in one class and call them *apprentices*. Is it conceivable that the Legislature intended to embrace in one class all *the young men* who had not been serving their time as barbers *three years*, and such men as the appellant who was occupied as a barber when the law was passed, and had been so engaged at that time, perhaps for thirty or forty years.

We have thus disposed of the principal questions presented by the briefs and arguments because the case is one of some general importance, but we have not been able to find that there was a final judgment entered in the Court below in favor of the traverser and against the State. It is true the traverser's demurrer to the indictment was sustained, but no judgment on demurrer was entered in favor of the traverser. If such judgment had been entered we would have affirmed it— but no final judgment having been entered the appeal will be dismissed.

*Appeal dismissed.*

(Decided March 22nd, 1905.)