## MORRIS J. CRISWELL

### *vs.*

## STATE OF MARYLAND.

*Statutes: construction of—; duty of courts.  Barbers: regulation of occupation; Chapter 226 of the Acts of 1904; excepting from examination those already exercising the occupation; constitutionality.*

It is the duty of courts, if possible, so to construe statutes as to effectuate the intention of the Legislature.          p. 107

Chapter 226 of the Acts of 1904, passed to regulate the exercise of the occupation of barber, violates neither the Federal nor the State Constitution in exempting from its provisions for examination barbers, who were already exercising their occupation when the Act went into effect.          p. 110

Such an exemption is not arbitrary or unreasonable.

pp. 108, 110

*Decided April 21st, 1915.*

Appeal from the Criminal Court of Baltimore City. (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George Moore Brady* (with whom was *Wm. Milnes Maloy* on the brief), for the appellant.

*Edgar Allan Poe, the Attorney General,* and *Lindsay C. Spencer, the Assistant State's Attorney* (with whom was *William F. Broening, the State's Attorney,* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

The appellant was convicted and sentenced in the Criminal Court of Baltimore upon an indictment charging him with a violation of Chapter 226 of the Acts of 1904, entitled "An Act to regulate the practice of barbering in the State of Maryland; to establish a State Board of Barber Examiners; to provide for the sanitary inspection of barber shops, and to provide penalties for the violation thereof."

Th indictment contained two counts. The first count charged that the traverser on the 10th day of December, 1914, at the City of Baltimore, and thence continually until the finding of the indictment, which was filed December 22, 1914, "unlawfully did then and there practice the occupation of a barber without having first received a certificate of qualification from the Board of Barber Examiners of the State of Maryland, as by law required." The second count charged that the traverser "was not a person engaged in Baltimore City aforesaid in the business of a barber on the first day of April, in the year of our Lord nineteen hundred and four, that being the date of the passage of the Act of Assembly of Maryland of nineteen hundred and four, Chapter 226; and that the said Morris J. Criswell, on the said tenth day of December, in the year of our Lord nineteen hundred and fourteen, at the city aforesaid, and thence continually until the day of the finding of the indictment, unlawfully did then and there practice the occupation of a barber without having first received a certificate of qualification from the Board of Barber Examiners of the State of Maryland, as by law required."

The appellant demurred to the whole indictment, and to each count thereof, and assigned the following grounds in support of the demurrer: "That the said indictment, and each and every count thereof, is in violation of the provisions of the Declaration of Rights and the Constitution of Maryland. That the indictment and each and every count thereof is in violation of the guarantees provided by the Federal

Constitution. That the said indictment and each and every count thereof is based upon an Act of the Legislature of Maryland, which would deprive a man of his life, liberty and property without due process of law, and unlawfully limit his freedom of contract, and which in its nature constitutes and is class legislation. That the said indictment and each and every count thereof fails to charge the violation of any valid and existing law."

The Court overruled the demurrer. The traverser then filed the following special plea:

"That he, the said Morris J. Criswell, has been practicing the occupation of a barber in the City of Baltimore for a period of more than five years prior to the filing of this his special plea; that he has practiced his occupation in a competent and proficient manner, and has not used towels, cups or any other utensils generally used by barbers which were either unclean or liable to spread contagious or infectious diseases; that no complaint has been made as to the manner of his practice of the occupation of a barber, and he has not been accused, indicted or been guilty of any felony, and he is not given to the habit of drink, and is not in any wise unfit for the practice of his occupation, and that he has complied with all regulations required of him by the Health Departments and Boards, both of the State of Maryland and the City of Baltimore, *but he has not sought to obtain,* and *has not obtained, any certificate of qualification from the Board of Barber Examiners of the State of Maryland.*

"That he, on the 1st day of April, in the year of Our Lord nineteen hundred and four (that being the date of the passage of the Act of Assembly of Maryland of 1904, Chapter 226), *was not occupied or working as a barber in the State of Maryland,* nor *was he so occupied or working at any time prior thereto, nor was he at that time, or any time prior thereto, employed in a barber shop, nor was he an apprentice at that time, nor at any time prior thereto."*

The State demurred to the plea and the Court sustained the demurrer.

The case was then tried before the Court, without a jury, upon the issue joined upon the plea of *non cul,* and an agreed statement embodying the facts set out in the special plea, and resulted in the judgment from which this appeal was taken by the traverser.

The eighth and thirteenth sections of the Act are as follows:

"Section 8.   That every person now engaged in the business of a barber in this State shall within three months after the passage of this Act, file an affidavit with the Secretary of said Board setting forth his name, place of business, post-office address, the length of time he has been engaged in the business of a barber, and pay to the treasurer the sum of One dollar for the certificate provided for in this Act.

"Section 13.   That to shave, trim the beard, or cut the hair of any person for hire or reward, received by the person performing such service, or any other person, shall be construed as practicing the occupation of a barber within the meaning of this Act. This Act shall not in any way apply to or affect any person who is now occupied or working as a barber in this State, nor any person employed in a barber shop, or an apprentice, except that a person so employed less than three years prior to the passage of this Act, shall be considered an apprentice, and at the expiration of such three years of such employment shall be subject to the provisions of this Act."

It was held in *State* v. *Tag,* 100 Md. 588, that persons working as barbers at the time of the passage of the Act were exempt from its provisions.   This Act like the Act of 1892, Chapter 296, which applied to persons *who shall thereafter begin to practice medicine* and not to those *then engaged in practice,* drew a broad and pronounced distinction between two classes of barbers,—by declaring that those answering

to the description contained in Section 13 were wholly exempt from the provisions of the Act. It is true that the decision in that case turned upon the question of construction. But it is inconceivable that the broad discrimination made by the Act, especially in view of the contention of the counsel for the State contained in their brief, could have escaped the notice of the Court. On the contrary, the opinion shows that the classification made by the Act was not overlooked by the Court. "It was contended," said the Court, "with great force on the part of the appellant that the construction adopted by the Court below substantially nullifies the whole law, and that, therefore, such a construction should not prevail; that the one vital object intended by the Legislature was to provide for the cleanliness and sanitary condition of all barber shops and that this intention could not be carried out if the sanitary provisions of the Act are not to be applied to all barbers alike. We entirely agree with the proposition that it is our duty, *if possible,* to so construe the law as to effectuate the intention of the Legislature, and we think, too, that it may be conceded that it was, it certainly ought to have been, its intention to require every barber in this State to conduct his business in a cleanly and sanitary manner; but it does not by any means follow that therefore *this* law must be enforced against all barbers. It will be remembered that there have been several Acts passed in this State to regulate the practice of medicine. In the case of *Manger* v. *Board of Examiners,* 90 Md. 659, this Court through McSHERRY, C. J., considered and construed that legislation. There, as here, there was a provision that the Act should not apply to certain persons who had been practicing before its passage. And it was said, "There were, therefore, three classes of persons contemplated by and included in the Act of 1888, Ch. 429, viz, those who had diplomas; those who had not; and those who had been practicing for ten years. Persons who had diplomas but had not been practicing for ten years were entitled to certificates upon presentation of their diplomas. Persons who had no diplomas,

and had not practiced ten years were required to be examined; and persons who had practiced ten years were not within the Act whether they had diplomas or not. This last-named class was created by a proviso to section 1 of the Act of 1888 to this effect: 'Provided that the provisions of this Act shall not apply to any person who has been practicing medicine continuously within this State for ten years before the passage of this Act.' The Act thus construed in 90 Md. is entitled 'An Act to promote the public health and regulate the practice of medicine in the State of Maryland' and yet every person who had been practicing ten years was excepted from its provisions. This is nothing more in principle, than what has been attempted to be done in the Act now before us, which is 'An Act to regulate the practicing of barbering in the State of Maryland,' etc., excluding as contended by the traverser, every person who like himself was engaged in the business when the law was passed. The Act declares that its provisions shall not in any manner apply to or affect any person who was occupied or working as a barber in this State when the law was passed."

Notwithstanding the language just quoted, which would seem to be conclusive of the validity of the Act, the contention now made is that the Act is void because the thirteenth section creates an unreasonable and arbitrary class discrimination forbidden by the Fourteenth Amendment of the Federal Constitution.

In *Magoun* v. *Illinois Trust and Savings Bank,* 170 U. S. 283, the Court said: "The clause of the Fourteenth Amendment especially evoked is that which prohibits a State denying to any citizen the equal protection of the laws. What satisfies this equality has not been and probably never can be precisely defined. Generally it has been said that it "only requires the same means and methods to be applied impartially to all the constituents of each class, so that the law shall operate equally and uniformly upon all persons in similar circumstances." *Kentucky Railroad Tax Cases,* 115 U S. 321. It does not prohibit legislation which is limited,

either in the objects to which it is directed or by the terri-
tory within which it is to operate.   It merely requires that
all persons subjected to such legislation shall be treated alike
under like circumstances and conditions, both in the privilege
conferred and the liabilities imposed.   *Hayes* v. *Missouri.*
120 U. S. 68.   Similar citations could be multiplied.   But
what is the test of likeness and unlikeness, of circumstances
and conditions ?   These expressions have almost the generality
of the principle they are used to expound, and yet they are
definite steps to precision and usefulness of definition, when
connected with the facts of the cases in which they are
employed.   *With these for illustration it may be safely said*
*that the rule prescribes no rigid equality and permits to the*
*discretion and wisdom of the State a wide latitude as far as*
*interference* by this Court is concerned. * * * The rule, there-
fore, is not a substitute for municipal law; it only prescribes
that that law have the attribute of equality of operation, and
equality of operation does not mean indiscriminate operation
on persons merely as such, but on persons according to their
relation. * * * In other words, the State may distinguish,
select and classify objects of legislation, and necessarily this
power must have a wide range of discretion.   It is not with-
out limitation, of course.   'Clear and hostile discriminations
against particular persons and classes, especially such as are
of an unusual character, unknown to the practice of our
governments, might be obnoxious to the constitutional prohi-
bition,' said MR. JUSTICE BRADLEY, in *Bell's Gap R'd Co.* v.
*Pennsylvania,* 134 U. S. 232-240."

In *Dent* v. *W. Va.,* 129 U. S. 121, the Court, speaking of
the right of every person to follow any lawful business or
profession he may choose, subject only to such lawful restric-
tions as may be imposed upon such right, said: "The interest,
or, as it is sometimes termed, the estate acquired in their voca-
tions, that is the right to continue their prosecution, is often
of great value to the possessor, and cannot be arbitrarily
taken from them any more than their real and personal prop-
erty can be thus taken."   To justify the striking down of a

classification as unreasonable and unlawful it must, as was said in *Luman* v. *Hitchens Bros. Co.,* 90 Md. 14, be "obviously arbitrary."

In *Scholle* v. *State,* 90 Md. 740, in which the Act of 1892, to which we have referred, as it related to the right of practicing medicine in this State without registration, was under consideration, the Court said: "Where there are differences as to conditions and situations, by which it becomes reasonable that greater precautions are required in some cases than in others, classes may be formed by which certificates can be granted to some without examination, and by which others may be exempted altogether from the burden of registration. These classes must be created upon considerations only that are promotive of the public interest, and if they are so created, they do not constitute an unlawful discrimination and do not impair the equal right which all can claim in the enforcement of the law."

Under the principles laid down in the cases cited, the classification which permits, without examination, barbers engaged in the pursuit of their occupation at the time of the passage of the Act, to continue their occupation, is not unreasonable or arbitrary. The Act recognized the practice and the established business of men, whom the Legislature considered competent and fit to continue their occupation without being subject to the provisions of the Act. They recognized the existing conditions and situation respecting the business, and based the classification upon those conditions as furnishing evidence of qualification. This determination of the Legislature, in the exercise of the wide discretion vested in it by the law, is neither unreasonable or arbitrary. As this is the only objection urged against the validity of the Act, and the only question raised upon the record, it follows that the lower Court committed no error in overruling the demurrer to the indictment and sustaining the demurrer to the special plea, and, therefore, the judgment appealed from must be affirmed.

*Judgment affirmed, with costs.*