HAMMOND, ATTORNEY GENERAL, ET AL. *v.* FRANKFELD ET AL.

[No. 136, October Term, 1949.]

488

*Decided February 9, 1950.*
*Rehearing denied March 14, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Hall Hammond, Attorney General,* and *J. Edgar Harvey, Deputy Attorney General,* with whom were *Thomas N. Biddison, City Solicitor of Baltimore, Leroy W. Preston* and *Hugo A. Ricciuti, Assistant City Solicitors,* on the brief, for the appellants.

*Maurice Braverman* and *Bernard Jaffe* for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This case was instituted on May 18, 1949, but was heard and decided below at the same time and in the same manner as *Hammond v. Lancaster,* 194 Md. 462, 71 A. 2d 474, 483. In both cases the bills sought to enjoin the

enforcement of Chapter 86 of the Acts of 1949, but the present bill contained no reference to the referendum petition. The record in this case did not reach us until after the *Lancaster* case had been argued. We advanced the case on our own motion, in order that the cases might be considered together.

The complainants here sue as taxpayers in a class suit, but their chief claim is based upon the allegations that Frankfeld is Chairman of the Communist Party of Maryland and Meyers is the Labor Secretary of that party. They allege that the party is a legal political party, directly affiliated with the Communist Party of the United States and that it has adopted the constitution of the latter, a copy of which is filed as an exhibit. They contend that Chapter 86 is a bill of attainder directed against them and the Communist Party of Maryland, that certain clauses in the Act constitute a malicious misrepresentation of the aims, purposes and nature of Communism and of the political organizations espousing the philosophy of Communism, and that these clauses represent a legislative finding of guilt in contravention of the State and Federal Constitutions.

Insofar as the complainants assert their claim as taxpayers, the case is governed by our decision in the *Lancaster* case. The complainants do not admit that they advocate the overthrow of any government by force or violence, but expressly disavow such an aim, on behalf of themselves and the organization of which they are members. They show no present threat or danger of prosecution or conviction as "subversive persons" under the criminal provisions of Chapter 86.

The appellees contend, however, that they have a special interest, as members of the Communist Party of Maryland, to attack the Act as a bill of attainder. A bill of attainder may be defined as a condemnation or punishment by legislative action without trial or judicial determination. *Cummings v. State of Missouri,* 4 Wall. 277, 18 L. Ed. 356; *United States v. Lovett,* 328 U. S. 303, 66 S. Ct. 1073, 90 L. Ed. 1252; *Anderson v. Baker,*

23 Md. 531. The argument is based upon the recitals of Chapter 86 that "there is a World Communist movement under the domination of a foreign power", which looks toward "the liquidation of all parties other than the Communist Party", that the "World Communist movement is not a political movement, but is a world-wide conspiracy", and that the "Communist movement plainly presents a clear and present danger to the United States Government and to the State of Maryland". The text of the Act, however, contains no mention of Communism, or the Communist Party, by name, except in Section 9, which directs the Judges to charge the Grand Jury to "inquire generally into the purposes, processes and activities and any other matters affecting Communism or any related or other subversive organizations, associations, groups or persons". The Grand Juries are directed to report their findings, but "such report shall not charge any residents of this State with being disloyal unless they shall have been indicted under the provisions of this Article or other provisions of the criminal law of this or some other jurisdiction".

If the recitals in the Act constitute a misrepresentation of the aims or "philosophy" of Communism, that fact alone would not invalidate the Act or even admit of judicial redress, although unprivileged statements of a libellous character may give rise to a civil action. It would appear that the recitals merely express the legislative motive and its view of the public need for legislation of this character. Recitals may be referred to under some circumstances in aid of construction, but form no part of the Act itself. *Sutherland, Statutory Construction* (3rd ed.) §§ 4804, 4808; *Endlich, Interpretation of Statutes*, § 375. It is unnecessary to decide whether the recitals of the preamble, or provisions of Section 9, could, under any circumstances, be used in aid of any prosecution, or to justify or support a conviction under the Act for "Sedition". These and all other questions must be reserved for determination in a proper case. We conclude that the complainants do not present a

492

justiciable case and have no standing here. In the language of Mr. Justice Cardozo, (*Carter v. Carter Coal Co.,* 298 U. S. 238, 341, 56 S. Ct. 855, 886, 80 L. Ed. 1160): "To adopt a homely form of words, the complainants have been crying before they are really hurt".

*Decree reversed and bill dismissed, with costs.*

MARBURY, C. J., and COLLINS, J., concurred in the results.

MARBURY, C. J., filed a single concurring opinion, *supra,* p. 479, in this case and No. 107, *supra,* p. 462. COLLINS, J., agreed with the views expressed therein.