## LIBERTO v. STATE'S ATTORNEY OF BALTIMORE CITY ET AL.

[No. 48, September Term, 1960.]

*Decided November 7, 1960.*

358

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Calman A. Levin,* with whom were *Daniel C. Joseph* and *Abram C. Joseph* (deceased) on the brief, for the appellant.

*Joseph S. Kaufman, Assistant Attorney General,* with whom was *C. Ferdinand Sybert, Attorney General,* on the brief, for the appellees.

BRUNE, C. J., delivered the opinion of the Court.

The plaintiff, Liberto, appeals from a decree of the Circuit Court of Baltimore City dismissing his amended bill of complaint for a declaratory decree and an injunction, by which he sought to have the so-called Barber Act (the Act) declared unconstitutional and to have its enforcement enjoined. The defendants-appellees are the State's Attorney of Baltimore City and the Board of Barber Examiners of the State of Maryland (the Board). Mr. Liberto has been a licensed barber in Baltimore since 1915.

The defendants demurred to the plaintiff's original bill and their demurrers were sustained. The plaintiff amended his bill and the defendants again demurred. This time their demurrers were overruled and the case went to trial. The evidence consisted of the testimony of the plaintiff and two stipulations as to what the testimony of the President of the Board and of another member would have been. The Chancellor dismissed the bill because the plaintiff failed to show such infringement of his rights as would establish a sufficient interest to maintain the suit.

The Act is now contained in Code (1957), Art. 43, Secs. 311-325. In its present form, it consists chiefly of the revision of the laws relating to the occupation of barbering made by Ch. 792 of the Acts of 1957. It also includes an amendment made by Ch. 479 of the Acts of 1959, which reduced the subdivisions of the State exempted from the Act from five counties to one.

The bill attacks the Act on some fifteen grounds. The attacks pressed by the appellant in this court are in brief: (a)

that the Act is a regulation of a common calling which transcends the limits of the police power; (b) that it contains an unlawful delegation of power to the Board because of the absence of standards for the guidance of that administrative body; (c) that the exemption of one county renders the Act unconstitutional; (d) that the provisions of the Act relating to apprentices are unconstitutional (i) because they are unreasonable and arbitrary and (ii) because of the absence of standards or definitions; (e) that the provisions for the examination of shops are unconstitutional because they are unreasonable and arbitrary; (f) that the Act is void as a special law which attempts to supersede what is already provided for by general law.

We shall comment on one of these points before going into the consideration of the appellant's standing to maintain this suit.

As to contention (a) above, the regulation of the barbering business is within the constitutional power of the Legislature in the exercise of the police power in the interest of public health and safety. See *State v. Tag,* 100 Md. 588, 60 A. 465; *Criswell v. State,* 126 Md. 103, 94 A. 549; in each of which such regulation was assumed to be valid, though not directly attacked; and see the comment thereon in *Dasch v. Jackson,* 170 Md. 251, 266-267, 183 A. 534, which conceded (with reluctance) that the *Tag* and *Criswell* cases had upheld such regulation. These cases were followed by *Schneider v. Duer,* 170 Md. 326, 184 A. 914, in which it was stated (170 Md. at 331): "In view of these cases [*Tag, Criswell,* and *Dasch*], it must be held that the occupation of barbering is a trade or calling that may be subjected to police regulation, so far as the health and safety of the public is concerned." The court then went on to cite numerous cases from other jurisdictions and annotations supporting this conclusion.[1] In that case (decided in 1936), Ch. 371 of the Acts of 1935,

---

1. The Attorney General's brief for the appellees in this case lists some 37 States and the District of Columbia as having apprenticeship and examination statutes (including provisions for examination fees and annual renewal fees) comparable to the Maryland Barber Act.

which amended the pre-existing law relating to the examination and licensing of barbers, was held invalid in its entirety; but the effect of the decision was to leave in force the preexisting law, which then constituted Secs. 269-282 of Art. 43 of the Code of 1924. These sections had originally been enacted by Ch. 226 of the Acts of 1904 and had been involved in the *Tag* and *Criswell* cases. See also *Schneider v. Pullen,* 198 Md. 64, 70, 81 A. 2d 226, which reaffirms the rule stated in *Schneider v. Duer, supra.*

We now return to the appellant's standing to maintain this suit. Under the "grandfather clause" contained in the amended statute (Code (1957), Art. 43, Sec. 318 (a)), the appellant was entitled without examination to a renewed certificate of qualification upon payment of the sum of two dollars and the annual renewal fee, which, under Sec. 316, is also two dollars. The Act thus does not prevent the appellant from continuing in business as a barber, and the record does not suggest that the amounts of the fees involved were unreasonable. License fees were provided for under Ch. 226 of the Acts of 1904, the validity of which Act has been sustained in the cases above cited. We do not understand that the appellant challenges the validity of the license fee as such, but only contends that other provisions of the Act are unconstitutional and that the license fee provisions must fall with them.

How then is the appellant affected by those provisions of the Act which he assails as unconstitutional? His testimony indicates that his business has been falling off and that he has not been able to get competent men to staff his shop, which has a total of five chairs. He complains that the Board has not sufficiently examined the men that came in to determine their competence; and though he complains in his bill of the length of the period of apprenticeship as being more than is needed to train barbers, he says that new men will not stay with him even long enough for him to train them. We do not find in his testimony any claim that the Act has prevented him from getting assistants, whether apprentices or master barbers, or that the Board has actually interfered with the conduct of his business. It is stipulated that after the dismissal of his bill in this case in the trial court the appellant

has been convicted in a police court of failing to pay his renewal fee and that he has appealed to the Criminal Court of Baltimore where his appeal is stayed pending the determination of this case. We assume his contentions as to the license fee are similar to those made here, but that case is not before us.

At the conclusion of the appellant's testimony at the hearing in the Circuit Court counsel for the Board put this question: "* * * I just want to know how this Act has hurt you in the operation of your business insofar as you are charging what you want, your customers come and go as they want, has it interfered with the conduct of your business in that regard?" The appellant replied: "It has not interfered with the conduct of my business. If I had another man I could do better, if I had a good man [;] but I can't keep him because men coming out of school, they don't know what they are doing."

We cannot find from this statement, which epitomizes the appellant's testimony, any infringement of any of his constitutional rights. The Uniform Declaratory Judgments Act (Code (1957), Art. 31A, Secs. 1, 2 and 6) provides for the determination, *inter alia,* of constitutional rights where a genuine controversy exists and where the rights of a party are directly affected by a statute. *Davis v. State,* 183 Md. 385, 37 A. 2d 880; *Tanner v. McKeldin,* 202 Md. 569, 576-577, 97 A. 2d 449. But it is also well settled that constitutional questions are not to be determined abstractly either under the Uniform Declaratory Judgments Act or otherwise. See *Atkinson v. Sapperstein,* 191 Md. 301, 60 A. 2d 737; *Maryland Naturopathic Ass'n v. Kloman,* 191 Md. 626, 62 A. 2d 538; *Hammond v. Lancaster,* 194 Md. 462, 477-478, 71 A. 2d 474; *Hammond v. Frankfeld,* 194 Md. 487, 490, 71 A. 2d 482; *Tanner v. McKeldin, supra,* 202 Md. at 580; and *Givner v. Cohen,* 208 Md. 23, 37, 116 A. 2d 357, each of which, except *Tanner v. McKeldin,* involved a prayer for an injunction as well as declaratory relief.

We agree with the learned Chancellor that the appellant has not shown that his rights are so affected by the provisions of

362

the Act which he attacks as to give him standing to maintain this suit.

*Decree affirmed, with costs.*