HEATH *v.* BOARD OF EXAMINERS AND SUPERVISORS OF MASTER ELECTRICIANS FOR BALTIMORE CITY, ET AL.

[No. 82, September Term, 1962.]

*Decided December 11, 1962.*

The cause was argued before HENDERSON, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*John F. Heath,* in proper person, for appellant.

*Thomas W. Jamison, III, Assistant Attorney General,* with whom was *Thomas B. Finan, Attorney General,* on the brief, for Board of Examiners and Supervisors of Master Electricians for Baltimore City, part of appellees.

*Edward Pierson,* with whom were *Robert F. Fischer, Pierson & Pierson* on the brief, for James Johns, George Winters, William H. Miller and James S. Eveson, other appellees.

Per Curiam.

Feeling aggrieved, the appellant, John F. Heath, appealed from a decree of the chancellor dismissing his bill of complaint filed under Code (1957), Article 31A, Uniform Declaratory Judgments Act, against the appellees, Board of Examiners and Supervisors of Master Electricians for Baltimore City (the Board).

The bill alleged that the appellant was a citizen, taxpayer and resident of Baltimore City, and as such is interested and entitled to insist on the proper and legal operation of the Board; that the Board, created under the charter and public laws of Baltimore, as it is presently constituted, is illegally appointed; that as such it does not represent the interests of the appellant or other taxpayers to serve the purpose for which the Board was created; that the appointments of four of the members of the Board were made illegally, in violation of Article 4, Public Local Laws of Maryland, City Charter (1949 Ed.) § 479; and that unless the Board is restrained from conducting its affairs in an illegal manner, appellant's rights and the rights of other parties complaining will continue to be affected. The prayers of the bill are that the Board, or such members thereof as are found to have been appointed illegally, may, by a permanent injunction, be enjoined from acting as members of the Board; that the court pass a declaratory decree removing such illegally appointed persons from the Board, and requiring the return to the State of Maryland of any monies paid during their illegal tenure in office; and for further relief.

The Board answered the bill saying that it was without knowledge as to the truth or veracity of the allegation the appellant was a citizen and taxpayer, and denying the other allegations of the bill.

The four named members of the Board sought and obtained leave to intervene, and filed a separate demurrer and answer. Their answer denied the same allegations of the bill which were denied in the Board's answer.

The record extract contains a letter from Judge Cullen, dated January 29, 1962, stating that the demurrer of the interven-

ing defendants had been withdrawn in open court and that the cause would proceed on a hearing on the bill and answer.

At the hearing on March 2, 1962, the appellant, from the trial table, offered in evidence as exhibit No. 1 a letter addressed to him, dated July 25, 1961, from John G. Arthur, Director, Department of Assessments, stating that certain real property was assessed to John F. Heath and wife, evidently for the purpose of qualifying the appellant as a resident and taxpayer. This letter was objected to and the chancellor sustained the objection on the ground that it must be introduced through a witness. We think it was inadmissible for the purpose without supporting testimony, and that the chancellor was correct in sustaining the objection at that point. The only other evidence produced by the appellant was a certificate from the Secretary of State of the State of Maryland giving the names of all nominees received by the Governor for appointment to the Board of Electrical Examiners and Supervisors of Maryland for Baltimore City for a term of two years, from May 1, 1961. Giving full credit to the certificate as having been admitted in evidence, which was offered by the appellant for the purpose of showing that as to some nominees for the Board only one nomination was made by the person or organization required to make the nominations under the provisions of § 479, *supra,* and for the purpose of showing that although the addresses of all of the nominees were given as "Baltimore" some of them, as claimed by appellant, were in fact residents outside of Baltimore City.

These two exhibits constituted all of the evidence offered by the appellant at the hearing, although he was repeatedly advised by the chancellor that he had "nothing before him" and that it would be necessary for the appellant to produce other evidence or call witnesses to testify in support of his case, nevertheless he himself declined to take the stand to testify, called no other witnesses, produced no other evidence, and closed his case.

Under these circumstances we think there was presented to the chancellor no justiciable issue and that he was correct in dismissing the bill of complaint. *Patuxent Co. v. Commis-*

*sioners,* 212 Md. 543, 129 A. 2d 847; *Kirkwood v. Provident Savings Bank,* 205 Md. 48, 106 A. 2d 103.

*Decree affirmed, with costs.*