ANSELL *v.* HOWARD COUNTY COUNCIL ET AL.

[No. 357, September Term, 1971.]

*Decided March 6, 1972.*

630

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ., and ROBERT F. SWEENEY, *Chief Judge of the District Court of Maryland,* specially assigned.

*James S. Ansell* for appellant.

*Robert F. Fischer, County Solicitor,* and *Charles A. Reese* for appellees.

HAMMOND, C. J., delivered the opinion of the Court.

In December 1971 James Ansell, "a voter, taxpayer and resident of the Second Election District of Howard County; and a practicing member of the bar of the State of Maryland," filed a petition for declaratory relief against the five individuals who constitute the County Council of Howard County and against the president of the Board of Education of Howard County, alleging that "the said Council, at Legislative Session 19, by Resolution 120, introduced by Councilmen Holway and Hanna, adopted same date this Resolution authorizing the president of the Board of Education to enter into contracts for the construction of certain schools, and the modernization of another, in Howard County, totalling $9,933,-615.00." Attached was a photocopy of the Resolution which recited that "the President of the Board of Education must enter into contracts for the construction of needed schools prior to full state funding" if the schools are to be open in the fall of 1973, and further recited:

> "[T]he County Council is aware that the obligation to provide funding for the construction costs of school projects is now the responsibility of the State of Maryland, the County Council,

therefore, expects that in the event any monies for the furtherance of school projects is advanced by Howard County in order to enable projects to be timely completed, Howard County can properly anticipate reimbursement by the State of Maryland for such expenditures,"

and then read:

"NOW, THEREFORE, BE IT RESOLVED by the County Council of Howard County, Maryland, this 6th day of December, 1971, that the County Council hereby grants its approval for the President of the Board of Education to enter into contracts for the construction of Dunloggin Middle School, Harpers Choice Middle School, Oakland Mills High School, and the modernization of Lisbon Elementary School for contract values not to exceed the approved Capital Program values of $2,531,340; $2,500,375; $4,052,000; and $849,900 respectively.

"AND, BE IT FURTHER RESOLVED by the County Council of Howard County, Maryland, in the event funds are not made available by the State of Maryland by August 1, 1972, that the County Council will authorize short term loans to finance the construction of the above mentioned schools. The County Council expects that the State of Maryland shall reimburse Howard County for such expenditures in accordance with the obligation imposed upon the State of Maryland by Article 77, Section 130A of the Public General Laws of the State."

The petition prayed a declaration that the resolution was "null and void" because it was:

"A. Unconstitutional and discriminatory"

in that (1) it would give the children of Howard County better schools than those of children in other political

subdivisions; (2) constitute "an unwarrantable burden" on the real property taxpayers of Howard County whereas "other taxpayers [apartment house dwellers] are not paying their fair share"; and

"B. Ultra Vires and illegal as:
█ the said Resolution should have been by 'Bill' or 'Ordinance' as required by the Howard County Charter, adopted Novem-5, 1968.
█ the State of Maryland, by statute, has preempted the political subdivisions, including Howard County, from all public school construction."

The respondents to the petition say in their brief:

"The Appellees believe that the petition filed by the Appellant was subject to demurrer even under the narrow guidelines established as applicable to a bill of complaint wherein a declaratory judgment is prayed. [*Borders v. Board of Education,* 259 Md. 256 and cases cited.] However, in view of the pressing time limitations facing the School Board with respect to the necessity for promptly entering into contracts for school construction, the Appellees answered the petition and awaited the evidence to be presented by the Appellant at the hearing on the merits.

"The Appellant chose neither to present witnesses on his behalf, nor to testify himself. He did not offer other competent evidence at the hearing."

The record supports the accuracy of the last two sentences. Judge Mayfield, on the pleadings, illuminated and perhaps amplified by the arguments, dismissed the petition, finding on the strength of *Liberto v. State's Attorney,* 223 Md. 356, 361, that there was no "genuine controversy," and on the strength of *Heath v. Board,* 230

Md. 230 and *Tanner v. McKeldin,* 202 Md. 569, 580, that there had been presented no actual "justiciable controversy" that would entitle the petitioner to a declaration.

Before this Court the parties present only the question of whether there was or was not the justiciable controversy contemplated by the Uniform Declaratory Judgments Act, Code (1971 Repl. Vol.), Art. 31A, §§ 2 and 6. We agree with Judge Mayfield that the petitioner cannot prevail, but think there was presented a justiciable controversy and he must be told he cannot prevail by a declaration rather than a dismissal. *Borders v. Board of Education,* 259 Md. 256, and cases cited. At the argument before us, it appeared to be conceded that when Mr. Ansell described himself as a taxpayer of Howard County he meant that one of the type of taxes he paid was the real estate tax on his dwelling. His petition challenges as unlawful and discriminatory the real property taxes he foresees would be imposed on him to pay for the school construction authorized by the resolution he attacks as illegal and the respondents support as valid. We think this is enough to present a case for a declaration, but a declaration will not help Mr. Ansell for these reasons.

He is wrong in his contention that the County Council could act properly and effectively only by bill or ordinance. The Charter of Howard County contemplates legislative action by resolution. Article II, § 202, provides: "The legislative power of the County is vested in the County Council of Howard County * * *." Section 207 reads: "The Council is vested with the law-making power of the County, including all such powers as heretofore have been exercised by the General Assembly of Maryland * * *." Section 208(h) says: "All hearings and legislative sessions of the Council shall be open to the public * * * no ordinance, resolution, rule or regulations shall be adopted at [a closed session]." Section 210(b) provides: "The Council shall cause each ordinance, resolution, rule and regulation having the force and effect of law * * * to be printed promptly following its enactment

and they shall receive such publication as may from time to time be required by law." Article IX, § 914(c) says: "The word 'resolution' shall mean a measure adopted by the Council having the force and effect of law but of a temporary or administrative character." Section 914(d) says: "The word 'law' shall be construed as including all acts, public local laws, resolutions and other legislative acts of the Council * * * whenever such construction would be reasonable." The Charter's concept of a resolution is not novel. See 2, Sutherland, *Statutory Construction* (3rd Ed.), § 3801.

Clearly the resolution here attacked was a measure adopted by the County Council of a temporary and administrative character which the Council had the power to adopt and which has the force and effect of law according to its terms.

The case then comes down to this. Mr. Ansell seeks to enjoin the public officials charged with the duty of selecting school sites and building and rebuilding schools and the public officials charged with providing the funds for those purposes and functions from proceeding to accomplish their duties as they deem necessary, appropriate and proper in the circumstances. He has not alleged and has not proved that they have violated their trust or that they have done anything they ought not to have done or left undone anything that they ought to have done. In *Dixon v. Carroll County,* 241 Md. 700, property owners, taxpayers and voters of Carroll County sought by injunction and mandamus to keep the public officials from building a new school. It was held that they could not prevail because they had not alleged facts that revealed that the officials had acted illegally, capriciously, arbitrarily, fraudulently or corruptly.[1] The Court, just before quoting from *Wiley v. School Commr's,* 51 Md. 401, 404-405, said: "It is clear that the County Board is vested with discretionary power and authority in con-

---

1. See also Gaither v. Howard County, 247 Md. 629; Greenbelt v. Prince George's County, 248 Md. 350; Cecil County Board of Education v. Pursley, 252 Md. 672.

nection with the building of new schools. See Sections 3, 55 and 56 of Art. 77 of the Code (1965 Repl. Vol.)."

The State has not preempted this field, as Mr. Ansell contends, by the enactment of Code (1969 Repl. Vol., 1971 Cum. Supp.), Art. 77, § 130A, which provides that from and after July 1, 1971 the State shall pay the costs in excess of those provided by available federal funds of all public school construction projects and public school capital improvements in the counties and Baltimore City "which have been approved by the Board of Public Works" and for reimbursement for certain payments by the subdivisions. Section 130A(g) provides:

> "The authority, responsibilities, powers and duties of the State Board of Education, the State Superintendent of Schools, the governments of the counties and of Baltimore City, the local boards of education, and all other State or local governmental agencies or officials under the several sections of this article, with respect to public school construction or public school capital improvements, including sites for school buildings, shall be subject to the rules, regulations and procedures adopted by the Board of Public Works pursuant to this section. In the event of any conflict between said rules, regulations and procedures of the Board of Public Works and the authority, responsibilities, powers and duties of the above-named agencies and officials relative to public school construction or public school capital improvements, the rules, regulations and procedures of the Board of Public Works shall prevail."

It is plain that in proceeding under § 130A the Board of Public Works guides the exercise of power by the State Board and the local authorities and is supreme in case of conflict, but it is also plain that subject to these limitations the powers of the State Board and the local authorities remain unimpaired and vital. Therefore, if

the State does not pay or reimburse Howard County for the cost of the school construction attacked by Mr. Ansell, the County can proceed in the fashion it has formally indicated by resolution it in such case would proceed.

> *Case remanded without affirmance or reversal for the making of a declaration that expresses the views herein contained. The appellant shall pay the costs. Mandate to issue forthwith.*