HITCHCOCK *v.* KLOMAN ET AL., CONSTITUTING BOARD OF MEDICAL EXAMINERS ET AL.

[No. 29, October Term, 1950.]

*Decided November 15, 1950.*

*Motion for rehearing, filed December 13, 1950, denied January 13, 1951.*

The cause was argued before MARBURY, C. J. and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Maurice Braverman* for appellant.

*J. Edgar Harvey, Deputy Attorney General,* with whom was *Hall Hammond, Attorney General,* on the brief, for appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Kenneth C. Hitchcock from a decree sustaining a demurrer to his amended bill of

complaint, without leave to further amend, and dismissing this amended bill.

For the purposes of this case, this amended bill, filed against the Board of Medical Examiners for the State of Maryland, the Police Commissioner and State's Attorney of Baltimore City, appellees, makes the following allegations. The appellant is a tax payer and citizen of the State of Maryland and by training and education a naturopath and holds licenses to practice naturopathy in the states of Florida, Connecticut and South Carolina. He has been practicing naturopathy in Baltimore since October, 1938, and has been advising, diagnosing and treating for a consideration according to the principles of naturopathy, persons who are ill or persons who are seeking naturopathic advice, care and treatment. The practice of naturopathy, in which he is engaged, is a separate and distinct branch of the healing art and not the practice of medicine as regulated by the Medical Practice Act, as defined by Article 43, Section 139, of the Code. Naturopathy excludes drugs, vaccines, antitoxins, serums, radio-activity, medicines and surgery in its treatment of diseases. It uses air, sunshine, light, heat, cold, climate, earths, water, electricity, vibrations, exercise, rest, manipulations, health foods, herbs, external applications, mental hygiene, and other enumerated principles.

The bill further alleges that the Attorney General of Maryland has rendered opinions that naturopathy is not recognized by the laws of this State and the persons practicing naturopathy, therefore, are violating the Medical Practice Act and are subject to criminal prosecution. The State Board of Medical Examiners, by reason of the opinions of the Attorney General, contend that naturopathy is a practice of medicine and surgery and, therefore, the appellees are preparing to prosecute the appellant herein for the unlawful practice of medicine and surgery. The appellant contends that he has a constitutional right to practice naturopathy and that any attempt to prosecute him for the unlawful practice of

medicine while he practices naturopathy and no other healing art would be in contravention of his rights as a Maryland citizen under the Maryland Declaration of Rights and an attempt to deprive him of his liberty and property in violation of the 14th Amendment of the Constitution of the United States. He intends to continue the practice of naturopathy. The appellant and others practicing naturopathy in Maryland, on whose behalf this case is filed, are remediless in a court of law to protect their rights, to redress the grievances set forth in this suit and to avoid irreparable injury and criminal prosecution of the appellant. It is proper and necessary for the Court to intervene and restrain the wrongs and redress the grievances here complained of.

Appellant asks for a declaratory decree that naturopathy is a separate and distinct branch of the healing arts and sciences and not included in the practice of medicine, as regulated by the Medical Practice Act. Code, Article 43, Section 116-144, inclusive. He also asks that the appellees be restrained from instituting criminal proceedings against the appellant and other naturopaths, for the unlawful practice of medicine, who are practicing naturopathy and not medicine or surgery.

Code, Article 43, Section 137, makes it a criminal offense for anyone to attempt to practice medicine or surgery in this State without being registered as a physician or surgeon. Code, Article 43, Section 139, provides in part: "Any person shall be regarded as practicing medicine within the meaning of this sub-title * * * who shall for hire or for any gratuity or compensation, either directly or indirectly to him or her paid, undertake by any appliance, operation or treatment of whatever nature, to cure, heal or treat any bodily or mental ailment or supposed ailment of another; or who for any hire * * * shall undertake to treat, heal, cure, drive away or remove any physical or mental ailment, or supposed ailment of another, by mental or other process, exercised or invoked on the part of either the healer

or the patient or both * * *." Naturopathy is not exempted from the provisions of Section 139, *supra*.

In the very recent case of *Hammond v. Lancaster,* 194 Md. 462, 71 A. 2d 474, 476, decided February 9th, 1950, a declaratory decree was sought to declare unconstitutional Chapter 86, known as the "Subversive Activities Act of 1949" and Chapter 310 of the Acts of 1949. Under this Act, among other things, a loyalty oath was required of candidates for public office and of certain employees of the State and other political subdivisions. In that case, none of the complainants were alleged to be candidates for public office. This Court held, therefore, that there was no justiciable controversy involving the validity of the oath or statement required of candidates. One complainant alleged that she was employed by a State agency to whom the Act applied. She did not allege that she was threatened with discharge, that she had been ordered to take an oath, or that she had refused or will refuse to take that oath. This Court, in holding that no justiciable case was presented, said that this employee had not brought herself within the rule laid down in the case of *United Public Workers v. Mitchell,* 330 U. S. 75, 89, 67 S. Ct. 556, 564, 91 L. Ed. 754. Mr. Justice Reed, speaking for the Supreme Court in that case said: "As is well known the federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite. * * * The power of courts, and ultimately of this Court to pass upon the constitutionality of acts of Congress arises only when the interest of litigants require the use of this judicial authority for their protection against actual interference. A hypothetical threat is not enough. * * * It would not accord with judicial responsibility to adjudge, in a matter involving constitutionality, between the freedom of the individual and the requirements of public order except when definite rights appear upon the one side and definite prejudicial

interferences upon the other. * * * No threat of interference by the Commission with rights of these appellants appears beyond that implied by the existence of the law and the regulations." Likewise, in the case now before this Court, no threat of interference by the Board of Medical Examiners, by the Police Commissioner and State's Attorney of Baltimore City, appears beyond that implied by the existence of the law and the opinions delivered by the Attorney General of Maryland. Nor does appellant allege that he has been ordered to discontinue the practice of naturopathy. This Court also held in the case of *Hammond v. Lancaster, supra,* 194 Md. 462, 473, 71 A. 2d 479, that "the general rule is that equity will not interfere to prevent the enforcement of a criminal statute even though unconstitutional. *Watson v. Buck, supra,* [313 U. S. 387, 402, 61 S. Ct. 962, 85 L. Ed. 1416]; *Spielman Motors Sales Co. v. Dodge,* 295 U. S. 89, 95, 55 S. Ct. 678, 79 L. Ed. 1322; Pomeroy, Equity Jurisprudence (5th ed.) §§ 254, 1361 b. The mere existence of a criminal statute is not such a threat as to present a justiciable controversy. *Alabama State Federation of Labor v. McAdory, supra".* [325 U. S. 450, 461, 65 S. Ct. 1384, 1389, 89 L. Ed. 1725.] *Hammond v. Frankfeld,* 194 Md. 487, 71 A. 2d 482, 483.

We are therefore of the opinion that the bill of complaint in this case does not state such a cause as to justify the declaratory decree or the injunction prayed, and that the demurrer was properly sustained and the bill of complaint dismissed.

*Decree affirmed, with costs.*